1  JAMES C. STURDEVANT (SBN 94551)
   (jsturdevant@sturdevantlaw.com)
2  MONIQUE OLIVIER (SBN 190385)
   (molivier@sturdevantlaw.com)
3  WHITNEY HUSTON (SBN 234863)
   (whuston@sturdevantlaw.com)
4  THE STURDEVANT LAW FIRM
   A Professional Corporation
5  354 Pine Street, Fourth Floor
   San Francisco, California  94104
6  Telephone:(415) 477-2410
   Facsimile: (415) 477-2420
7
   Attorneys for Plaintiff
8

**ORIGINAL FILED**

E-filing

JUN 0 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9          **UNITED STATES DISTRICT COURT**
         **NORTHERN DISTRICT OF CALIFORNIA**
10
                    CV 08       3174 MEJ
11
12  KRISTA O'DONOVAN, an individual,          Case No.:
13          Plaintiff,
                                              **COMPLAINT FOR VIOLATIONS OF**
14          v.                                **ELECTRONIC FUNDS TRANSFER ACT**
                                              **CONSUMER LEGAL REMEDIES ACT,**
15  CASHCALL, INC., a California corporation, and  **ROSENTHAL FAIR DEBT**
    DOES 1 through DOE 50, inclusive,         **COLLECTION PRACTICES ACT, AND**
16                                            **UNFAIR COMPETITION LAW**
            Defendants.
17                                            **DEMAND FOR JURY TRIAL**
18
19
20
21
22
23
24
25
26                          1
27
28

**INTRODUCTION**

1.      Plaintiff, Krista O'Donovan, brings this action to challenge the unlawful, unfair, and fraudulent lending practices of CashCall, Inc. ("CashCall").  CashCall makes millions of dollars in unsecured personal loan to consumers every year at exorbitantly high and unconscionable interest rates, as high as 99.25% per year.  CashCall's business practice violates numerous consumer protection and debt collection laws.  Plaintiff seeks compensatory, statutory, and punitive damages, injunctive relief, and attorney's fees, costs and expenses.

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

3.      This Court has personal jurisdiction over Defendant CashCall, Inc., as it is a California corporation.

4.      The Court has jurisdiction over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. section 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28 U.S.C. section 2203 and Rule 65 of the Federal Rules of Civil Procedure.

5.      Venue is proper in the Northern District of California Pursuant to 28 U.S.C. section 1391(b)(2) in that the plaintiff resides and the unlawful conduct that gave rise to these claims occurred within the Northern District of California.

**INTRA-DISTRICT ASSIGNMENT**

6.      Intra-district assignment in San Francisco/Oakland, California is proper because the unlawful conduct that gives rise to the alleged claims occurred in Alameda County.

**PARTIES**

7.      Plaintiff Krista O'Donovan ("O'Donovan") is a natural person and a resident of

1

1  Pleasanton, California. She borrowed money from Defendant CashCall, Inc. in Alameda County,

2  California for personal, family, or household purpose.

3       8.    Defendant CashCall, Inc. ("CashCall" or "Defendant") is a California Corporation.

4  CashCall is and at all relevant times was engaged in making consumer loans in Alameda County and

5  throughout California, and either was or should have been licensed by the California Department of

6  Corporations as a California Finance Lender subject to the California Finance Lenders Law,

7  California Financial Code section 22000 *et seq*.

8       9.    Defendants Does 1 through 50 are persons or entities whose true names and identities

9  are now unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff will

10  amend this complaint to allege the true names and capacities of these fictitiously named Defendants

11  when they are ascertained. Each of the fictitiously named Defendants is responsible for the conduct

12  alleged in this complaint, and Plaintiff's damages were actually and proximately caused by the

13  conduct of the fictitiously named Defendants.

## FACTUAL ALLEGATIONS

**CashCall's Predatory Lending Scheme**

16       10.    CashCall lends to consumers in distress who have limited credit alternatives and are

17  financially unable to repay CashCall's loans as the loan terms require. CashCall structures its loans

18  so that they are effectively interest-only over much of the loan term. CashCall therefore requires

19  consumers to pay its extremely high interest charges for several years, without any significant

20  reduction in their loan balances.

21       11.    CashCall engages in widespread TV broadcast advertising statewide aimed at

22  financially strapped and financially desperate consumers.

23       12.    CashCall's high interest rates, unfavorable loan terms, and protracted repayment time

24  make it impossible for most consumers who fall prey to CashCall's advertisements to pay off their

25  loans within any reasonable time period, even to pay their loans according to a schedule without

26  defaulting. As the loan term drags on, CashCall secures its profit by collecting high interest

27  payments, while the outstanding principal balance is barely reduced. CashCall pumps its customers'

28

1   loan balances up by adding on late fees and insufficient fund charges.  Once a customer falls behind

2   in payments, CashCall turns to coercive collection practices to keep the customer paying and

3   CashCall collecting.

4        13.    CashCall's website advertises its rates in California as follows:

5         <u>Loan amount</u>     <u>APR (Annual Percentage Rate)</u>

6         $2,600 Loan       99.25%

7         $5,075 Loan       70.08%

8         $10,000 Loan     59.46%

9   CashCall website, Rates for State of California, http://www.cashcall.com/General/Rates.aspx (as of

10   June 18, 2008).

11        14.    Upon information and belief, CashCall lends to consumers over the Internet, with the

12   customer at a personal computer, using electronic signatures, document transmittals, and disclosures.

13   CashCall uniformly requires consumers to apply for and execute loan documents electronically.

14   Upon information and belief, a customer must have access to a personal computer in order to fill out

15   and transmit the loan application and documentation forms required by CashCall in order to obtain a

16   CashCall loan.   CashCall does not lend money based on paper transactions.

17        15.    The CashCall Promissory Note and Disclosure Statement relating to Plaintiff is a

18   form document prepared exclusively by CashCall and presented to Plaintiff and the members of the

19   public on a take- it-or-leave-it basis.  CashCall has grossly disproportionate bargaining power vis-á-

20   vis consumers and dictates the terms of its loans and loan documents.  CashCall allows no

21   opportunity for negotiation.  The customer must consent to all terms proposed by CashCall in order

22   to obtain a loan from CashCall.

23        16.    The CashCall Promissory Note and Disclosure Statement relating to the Plaintiff is a

24   consumer contract of adhesion.

25        17.    CashCall targets consumers experiencing serious, if not altogether desperate,

26   financial challenges.  Plaintiff has obtained a CashCall loan at an exorbitantly high interest rate and

27   on such unfavorable loan terms because in her financial circumstances, credit alternatives on more

28

3

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT , CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

1  favorable terms are not practically available to her in the marketplace.

2      18.    Plaintiff is informed and believes and on that basis alleges that CashCall has

3  systematically made her loan beyond her financial ability to repay in the time and manner provided

4  in their CashCall Promissory Note and Disclosure Statement.  CashCall does not consider a

5  consumer's financial capacity to repay a loan in making loans.

6      19.    CashCall lent money to Plaintiff at an exorbitant interest rate, on an amortization

7  schedule that requires her to repay CashCall at least twice the amount borrowed before substantially

8  reducing principal, that requires her to repay CashCall from three to five times the amount of the

9  loan, and that requires repayment over an inordinate length of time.

10     20.    The economic and emotional harm suffered by Plaintiff as a result of the

11 extraordinarily oppressive nature of CashCall loan terms greatly outweighs what value, if any, she

12 received as a result of the initial CashCall loan.

13     21.    CashCall's Internet presentation to consumers of the CashCall loan application and

14 documentation forms required to obtain a CashCall loan, including the CashCall Promissory Note

15 and Disclosure Statement, does not allow the consumer a fair opportunity to review the documents,

16 as a borrower would ordinarily have if presented with a loan application and documentation forms in

17 a paper format.  Because the forms are presented in a constricted Internet browser window format,

18 consumers do not have a fair opportunity to review the application forms and loan documentation

19 before completing the loan application process.  To the extent that CashCall may allow consumers to

20 print these forms out before completing the application process, CashCall does not conspicuously

21 disclose that option, or require that consumers do so and read the documents before completing the

22 process.

23     22.    Plaintiff was presented with the CashCall Promissory Note and Disclosure Statement

24 in small bits and pieces on a computer screen.  This presentation does not clearly and conspicuously

25 present the rate of interest, the APR, the required Truth in Lending Disclosures, or the term of the

26 loan.  A reasonable consumer would not see, recognize, and understand these provisions due to the

27 limitations of presentation on a computer screen.

28

4

23.     The Internet presentation of the CashCall Promissory Note and Disclosure Statement to Plaintiff is markedly one-sided.  CashCall's Internet presentation does not bring home to consumers:  (a) the length of time that CashCall loans are effectively interest only, that is, two to four years before there is any appreciable principal reduction, or (b) that the interest alone the consumer must pay typically costs three to five times the amount that the consumer receives from CashCall.

24.     Plaintiff, did not see, recognize, and/or understand these features of CashCall loans.  Similarly, a reasonable consumer would not understand these features of CashCall loans.  CashCall's Internet presentation of its loan application and documentation thus presents a distorted picture of the loans CashCall offers.

25.     The Promissory Note and Disclosure Statement relating to the CashCall loan transactions of Plaintiff uniformly specifies a particular day of the month when CashCall is allowed to initiate and affect electronic fund transfers from customer accounts to collect installment payments and other amounts from Plaintiff.

26.     Defendant has engaged and continues to engage in the business practice that, when Defendant fails to collect a loan installment payment or other charge through electronic fund transfer on the day agreed to and specified in a Promissory Note and Disclosure Statement, Defendant thereafter attempts to collect the installment payment and other charges on later days during the same installment cycle that were not agreed to or authorized by the customer.

27.     Defendant has engaged and continues to engage in the business practice of conditioning the extension of credit on the customer's repayment by means of preauthorized electronic fund transfers.  Defendant requires all customers to agree to a provision that permits CashCall to make electronic debits from their bank accounts.

**CashCall's Debt Collection Scheme**

28.     Due to the exorbitantly high interest rates and unfavorable terms of CashCall loans, a significant number of CashCall customers default or make late payments on their CashCall loans.

29.     Upon information and belief, soon after a consumer defaults or misses a payment on a

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT , CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

1  CashCall loan, CashCall employees engage in aggressive collection efforts to recover the payment(s)

2  and related fees.

3       30.    In an effort to collect outstanding debts, Defendant has engaged and continues to

4  engage in the business practice of making frequent and repeated harassing telephone calls, to both a

5  consumer's residence and place of employment, up to multiple times a day, for days or weeks in a

6  row, demanding payment of outstanding debt.  During these phone calls, Defendant employs

7  aggressive tactics, including abusive tone and language, harassing tone and language, and providing

8  incorrect or misrepresentative information to convince consumers to make payments towards an

9  outstanding debt.

10       31.    In an effort to collect outstanding debts, Defendant has engaged and continues to

11  engage in the business practice of contacting third parties, including employers, co-workers,

12  neighbors, family members, friends, and other individuals, and communicates specific information

13  about the debt owed, including private personal and financial information.  Specifically, Defendant

14  will engage making phone calls using the following practices:  (1) repeatedly calling consumers

15  multiple times in one day, (2) threatening and intimidating consumers with lawsuits and other

16  financial penalties, and (3) yelling, screaming, and shouting.

17       32.    In its effort to collect debts, Defendant fails to orally, or in writing, provide proper

18  notice of its debt collection activity, collection responsibilities, information about the debt owed, and

19  consumers' rights.

20  **Plaintiff Krista O'Donovan**

21       33.    Plaintiff Krista O'Donovan borrowed $5,000 from Defendant based on an annual

22  percentage rate ("APR") of interest of 59.83%, according to CashCall's Promissory Note and

23  Disclosure Statement.  The stated total of payments to amortize this debt is $30,161.86, or six times

24  principal.  The interest carry alone is over $25,000, more than five times principal.  A true and

25  correct copy of the CashCall Promissory Note and Disclosure Statement applicable to Plaintiff's

26  CashCall transaction is attached as Exhibit "A" to this Complaint.

27       34.    CashCall made a loan to Plaintiff beyond her financial ability to repay in the time and

28

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT , CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

1 | manner provided in the CashCall Promissory Note and Disclosure Statement.

2 |      35.    As a result of CashCall's Internet presentation, Plaintiff did not print the terms of her

3 | loan prior to electronic signing and did not fully recognize or understand the loan terms and

4 | disclosures.

5 |      36.    Defendant has initiated and/or effected electronic fund transfers of loan installments

6 | from the accounts of Plaintiff O'Donovan on days of the month other than those agreed to and

7 | specified by Plaintiff.

8 |      37.    When Plaintiff's payment on her CashCall loan was late, even by one day, she

9 | received phone calls from CashCall employees attempting to collect her debt. The callers contacted

10 | her multiple times each day, aggressively demanded she make payments on her CashCall loan, and

11 | made other misrepresentations to her. She was yelled at and threatened by these callers.

12 | Additionally, CashCall contacted third parties in an attempt to collect her debt, including her family

13 | members and her friend.

14

### FIRST CAUSE OF ACTION

**For violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* and Federal Reserve Regulation E, 12 C.F.R. § 205 *et seq.***

17 |      38.    Plaintiff realleges each and every allegation above as if fully set forth in this Cause of

18 | Action.

19 |      39.    Defendant has engaged and continues to engage in the business practice of initiating

20 | and effecting electronic fund transfers from customer accounts to collect payments on days of the

21 | month other than those agreed to and specified in the Promissory Note and Disclosure Statement.

22 |      40.    These practices violate the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. section

23 | 1693 *et seq.*, including 15 U.S.C. section 1693e and Regulation E, 12 C.F.R. section 205 *et seq.*,

24 | promulgated by the Board of Governors of the Federal Reserve System.

25 |      41.    Section 1693e(a) provides in relevant part: "A preauthorized electronic fund transfer

26 | from a consumer's account may be authorized by the consumer only in writing, and a copy of such

27 | authorization shall be provided to the consumer when made." Plaintiff gave CashCall

28

7

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT , CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

preauthorization to initiate and effect electronic transfers on the first of the month.  CashCall's

initiation of electronic fund transfers from Plaintiff's accounts on days of the month other than the

first violates section 1693e(a) and Regulation E because transfers on unspecified dates are not in

compliance with section 1693e(a).

42.     These practices violate the EFTA, including 15 U.S.C. section 1693e and

Regulation E promulgated by the Board of Governors of the Federal Reserve System, and constitute

systematic breaches of the CashCall Promissory Note and Disclosure Statement in violation of 15

U.S.C. section 45(n) and the *Federal Trade Commission Policy Statement on Unfairness*, Letter

from Wendell H. Ford & John C. Danforth to Senate members of the Consumer Subcommittee of the

U.S. Senate Committee on Commerce, Science, and Transportation (Dec. 17, 1980), appended to

*International Harvester Co.*, 104 F.T.C. 949, 1070 (1984).

43.     Defendant has engaged and continues to engage in the business practice of

conditioning the extension of credit on the customer's repayment by means of preauthorized

electronic fund transfers.  Defendant requires all customers, including Plaintiff, to agree to a

provision that permit CashCall to make electronic debits from their bank account.

44.     These practices violate the EFTA, including 15. U.S.C. section 1693k and

Regulation E promulgated by the Board of Governors of the Federal Reserve System.   Section

1693k(1) states in pertinent part: "No person may . . . condition the extension of credit to a

consumer on such consumer's repayment by means of preauthorized electronic fund transfers; . . ."

45.     Defendant has engaged and continues to engage in the business practice of limiting

consumers rights to cancel or stop payment of a the preauthorized electronic fund transfer by

requiring all customers to agree, including Plaintiff, to the following provision as a condition of a

CashCall loan, "I understand that I can cancel this authorization at any time (including prior to my

first payment due date) by sending written notification to CashCall.  Cancellations must be received

at least seven days prior to the applicable due date."

46.     These practices violate the EFTA, including 15 U.S.C. section 1693e(a) and

Regulation E promulgated by the Board of Governors of the Federal Reserve System which permits

1    a consumer to stop payment of a preauthorized electronic fund transfer by notifying either orally or

2    in writing up to three business days prior to the scheduled date of the transfer.

3          47.    As a direct and proximate result of these violations, Plaintiff was and continues to be

4    damaged in an amount according to proof, including, without limitation, statutory damages and

5    actual damages, such as payments of interest and other charges collected by Defendant and

6    emotional distress damages.

7          48.    Pursuant to 15 U.S.C. section 1693 *et seq.*, Plaintiff is entitled to recover actual

8    damages sustained as a result of Defendant's violations of EFTA, in an amount to be determined at

9    trial, statutory damages, and attorneys fees and costs in accordance with 15 U.S.C. section 1693m.

10    ## SECOND CAUSE OF ACTION

11    **Violation of Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.***

12          49.    Plaintiff realleges each and every allegation above as if fully set forth in this Cause of

13    Action.

14          50.    The Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 *et*

15    *seq.*, specifically provides that "[a]ny waiver by a consumer of the provisions of this title is contrary

16    to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751.

17          51.    Defendant has violated section 1770(a)(5) of the CLRA by representing that the

18    goods and services it provides have characteristics and benefits which they do not have, including

19    without limitation, failing to adequately disclose the terms of the loan and promising loan benefits

20    which are not accurate nor realistic based on the terms of the loan.

21          52.    Defendant has violated section 1770(a)(14) of the CLRA by representing that it has

22    rights and remedies that are prohibited by law, specifically that they have the right to collect debts

23    without providing notices required by law, that they have the right to charge an APR not

24    incompliance with TILA, that they have the right to collect debts without providing notices required

25    by law, and that they have the right to collect debts in a manner prohibited by the EFTA and the

26    Rosenthal Act.

27          53.    Defendant has violated section 1770(a)(19) of the CLRA by including the unfair and

28

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT , CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

1 unconscionable loan terms, including unconscionable usury rates and an unconscionable Internet

2 presentation of the loan, in their loan agreements. Defendant possesses bargaining strength and

3 power far superior to that of Plaintiff and other customers. Without discussion or negotiation,

4 Defendant offers standardized form contracts, drafted by Defendant, which are contracts of adhesion

5 because they are offered on a take-it-or-leave-it basis. The loan agreement is substantially one-sided

6 in favor of Defendant. It is, therefore, unlawful, unfair, fraudulent, and unconscionable.

7     54. As a result of the unfair and deceptive acts and practices of Defendants herein above

8 described, Plaintiff has been harmed.

9     55. Pursuant to California Civil Code sections 1780 and 1781, Plaintiff hereby requests,

10 injunctive relief and attorney's fees, costs and expenses pursuant to California Civil Code section

11 1780(d) and California Code of Civil Procedure section 1021.5.

12 **<u>THIRD CAUSE OF ACTION</u>**

**Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.***

13

14     56. Plaintiff realleges each and every allegation above as if fully set forth in this Cause of

15 Action.

16     57. The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Civil Code

17 section 1788 *et seq.*, prohibits unfair and deceptive acts and practices in the collection of consumer

18 debts.

19     58. Defendant, in the regular course of business, engages in debt collection and is a "debt

20 collector" as defined by California Civil Code section 1788.2(c).

21     59. By its acts and practices as hereinabove described, Defendant has violated the

22 Rosenthal Act and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692 *et*

23 *seq.*, as incorporated by California Civil Code section 1788.17, as follows, without limitation:

24        a. Unlawfully communicating with third parties, including, without limit, employers and family members, and communicating information in regards to

25 the debt owed by the consumer to third parties.

26        b. Engaging in conduct of which the natural result was harassment, annoyance and abuse.

27

28

10

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT, CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

c.   Using deceit and misrepresentation in communications.

d.   Collection of amounts not authorized by agreement with the consumer.

e.   By failing to include certain debt collection notices required by law.

60.   Pursuant to California Civil Code sections 1788.30 and 1788.17 (incorporating 15 U.S.C. section 1692 *et seq.*), Plaintiff is entitled to recover actual damages sustained as a result of Defendant's violations of the Rosenthal Act. Such damages include, without limitation, resulting monetary losses and damages, and emotional distress suffered, which damages are in an amount to be proven at trial.

61.   In addition, pursuant to California Civil Code sections 1788.30 and 1788.17 (incorporating 15 U.S.C. section 1692 *et seq.*), because Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to actual damages, penalties of at least $1,000 per violation as provided for in the Rosenthal Act.

62.   Pursuant to California Civil Code sections 1788.30 and 1788.17 (incorporating 15 U.S.C. section 1692 *et seq.*), Plaintiff is entitled to recover all attorney's fees, costs, and expenses incurred in the bringing of this action.

## FOURTH CAUSE OF ACTION
### For Violations the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226 *et seq.*

63.   Plaintiff realleges each and every allegation above as if fully set forth in this Cause of Action.

64.   At all times relevant hereto, Defendant CashCall regularly extended and offered to extend credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the business to which the transactions that are the subject of this action are initially payable, making CashCall a creditor within the meaning of the Truth in Lending Act ("TILA"), 15 U.S.C. section 1601 *et seq.,* as implemented by Regulation Z, 12 C.F.R. section 226 *et seq.*

65.   In making a loan to Plaintiff, Defendant violated the requirements of the TILA and

11

Regulation Z, promulgated by the Board of Governors of the Federal Reserve System, in disclosures contained in CashCall Promissory Note and Disclosure Statement relating to CashCall's loan to Plaintiff.

66.     Defendant violated the requirements of TILA and Regulation Z in making a loan to Plaintiff by failing to include in the finance charge certain charges imposed by Defendant payable to Plaintiff incident to the extension of credit as required by 15 U.S.C. section 1605 and Regulation Z, thus improperly disclosing the finance charge.

67.     CashCall's Internet presentation of its loan application and documentation is a violation of TILA disclosure requirements because it did not adequately allow Plaintiff to take possession of and review the documents in their entirety prior to signing.

68.     As a direct and proximate result of these violations, Plaintiff was and continues to be damaged in an amount according to proof, but not yet ascertained including, without limitation, statutory damages, actual damages, and all amounts paid or to be paid in connection with the transaction, excluding principal payments, if any.

69.     CashCall was unjustly enriched at the expense of Plaintiff who is, therefore, entitled to equitable restitution and disgorgement of profits obtained by CashCall.

70.     The acts of CashCall were willful, wanton, and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to recover punitive damages in an amount to be established at trial.

71.     Pursuant to 15 U.S.C. section 1640, Plaintiff is entitled to recover actual damages sustained as a result of Defendant's violations of TILA in an amount to be determined at trial, statutory damages, punitive damages, and attorney's fees and costs in accordance with 15 U.S.C. section 1640.

## FIFTH CAUSE OF ACTION

### For Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

72.     Plaintiff realleges each and every allegation above as if fully set forth in this Cause of

1  Action.

2       73.    The California Unfair Competition Law ("UCL"), California Business and Profession

3  Code section 17200 *et seq.*, defines unfair competition to include any "unlawful," "unfair," or

4  "deceptive" business act or practice.  Cal. Bus. & Prof. Code § 17200.

5       74.    Defendant's business practices in making and colleting loans are unlawful business

6  practices in violation of California Business and Professions Code section 17200 *et seq.* because

7  they violate, without limitation, the California Finance Lenders Law which regulates lending

8  practices in California and California Civil Code section 1670.5 governing unconscionability in

9  contracts, as well as the TILA, EFTA, the Rosenthal Act, and the CLRA, as described above.

10  **Violations of California Finance Lenders Law**

11       75.    In making a loan to Plaintiff, Defendant violated and continues to violate California

12  Financial Code section 22332 by inaccurately stating the annual percentage rate ("APR") in the

13  Truth in Lending Disclosure portion of the CashCall Promissory Note and Disclosure Statement

14  relating to CashCall's loan to Plaintiff.

15       76.    The APR percentages and finance charge stated in these disclosures are not accurate

16  in compliance with the disclosures mandated by Regulation Z promulgated by the Board of

17  Governors of the Federal Reserve System, as required by California Financial Code section 22332.

18       77.    In making a loan to Plaintiff, Defendant violated and continues to violate California

19  Financial Code section 22302 by making loans at rates of interest and on other terms that are

20  unconscionable in light of the financial circumstances of the borrower.

21       78.    In making a loan to Plaintiff over the Internet, CashCall's disclosures of rates of

22  interest, Truth in Lending Disclosure, and other loan terms are inconspicuous and insufficient.  A

23  reasonable consumer would not see, recognize, and understand these provisions due to the

24  limitations of presentation on a computer screen.  As a result of a presentation of loan terms and

25  disclosures in an unconscionable format, Defendant violated California Financial Code section

26  22302.

27       79.    In making and administering its loan to Plaintiff, Defendant willfully violated

28

1  California Financial Code section 22302.

2      80.    In making a loan to Plaintiff, Defendant made a loan beyond the financial ability of

3  Plaintiff to pay in the time and manner provided in the Promissory Note and Disclosure Statement,

4  in violation of the letter and spirit of 10 C.C.R. section 1452, a regulation promulgated under the

5  California Finance Lenders Law, pursuant to California Financial Code section 22150, which states,

6  "When making or negotiating loans, a finance company shall take into consideration, in determining

7  the size and duration thereof, the financial ability of the borrowers to repay the same, to the end that

8  the borrowers should be reasonably to repay said loans in the time and manner provided in the loan

9  contracts." 10 C.C.R. § 1452.

10     81.    These practices are an unlawful business practice in violation of California Financial

11  Code section 22320.  Section 22320 provides in relevant part:  "[A] fee not to exceed fifteen dollars

12  ($15) for the return by a depository institution of a dishonored check, negotiable order of

13  withdrawal, or share draft may be charged and collected by the licensee."  California Financial Code

14  section 22320.

15     82.    Defendant has engaged and continues to engage in the business practice of collecting

16  insufficient fund fees whenever Defendant's requests for an electronic fund transfer of a loan

17  installment payment or other charge from a customer account is not satisfied.

18     83.    Defendant has charged and collected at least one insufficient fund fee of $15 from

19  Plaintiff based on attempted electronic fund transfers initiated by Defendant in order to obtain

20  payment of installments and other charges from Plaintiff's bank account.

21     84.    Section 22320 allows insufficient fund fees only in the case of dishonored checks and

22  similar written payment instruments returned unpaid by depository institutions.  In making and

23  administering its loan to Plaintiff, Defendant willfully violated California Financial Code section

24  22320.

25  **Violation of Prohibition Against Unconscionable Contracts**

26     85.    The loan made to Plaintiff is void and not enforceable because it is unconscionable in

27  violation of California Civil Code section 1670.5.

28

14

86.     In making a loan to Plaintiff, Defendant made a loan at rates of interest and on other terms which are unconscionable in light of the financial circumstances of the Plaintiff.

87.     In making and administering its loan to Plaintiff, Defendant willfully violated California Civil Code section 1670.5.

**Violations of Additional Laws**

88.     In addition to the violations described above, Defendant's business practices violated the EFTA, the Rosenthal Act, and the CLRA.

89.     Defendant violated California Business and Professions Code section 17200 *et seq.* by violating each of these laws.

90.     As a result of these violations and unlawful business practices, Plaintiff suffered injury in fact and lost money and property, including but not limited to payments of interest and other charges collected by Defendant on loan made in violation of these laws.

91.     Pursuant to California Business and Professions Code section 17200 *et seq.*, Plaintiff is entitled to enjoin the practice of making unconscionable loan, of harassing debt collection, and to obtain restitution of all funds obtained by Defendant by reason of and through the use of these unlawful, unfair, or fraudulent acts and practices.

92.     Pursuant to California Business and Professions Code section 17203, Plaintiff, hereby requests injunctive relief prohibiting these practices in the future, and such other orders as may be necessary to restore to any person in interest, any money or property, real or personal, which may have been acquired by Defendant by means of this unlawful, unfair and fraudulent business practice, or to disgorge profits Defendant has earned thereby.

93.     Pursuant to Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover her reasonable attorney's fees, costs, and expenses incurred in bringing this action.

## SIXTH CAUSE OF ACTION
### For Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

94.     Plaintiff realleges each and every allegation above as if fully set forth in this Cause of Action.

15

COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT , CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW

95.   The California Unfair Competition Law ("UCL"), California Business and Profession Code section 17200, *et seq.*, defines unfair competition to include any "unlawful," "unfair," or "deceptive" business act or practice.  Cal. Bus. & Prof. Code § 17200.

96.   Plaintiff challenges Defendant's unfair practice of making loan with unconscionable loan terms and interest rates.

97.   Defendant's practices are unfair, unconscionable, and fraudulent business practices for the reasons set forth below:

    i.   Defendant's business practices in making and collecting loans at exorbitant interest rates, on amortization schedules that require borrowers to repay CashCall at least twice the amount borrowed before reducing substantial principal, that require borrowers to repay CashCall from three to five times the amount of the loan, and that require repayment over an inordinate amount of time, offends public policy, are unconscionable, oppressive and unscrupulous, and cause substantial injury to consumers;

    ii.   Defendant engages in predatory lending practices including, but not limited to, the use of high pressure sales tactics and failing to consider a consumer's ability to repay a loan;

    iii.   Defendant fails to provide accurate notices and disclosures required by TILA and the California Finance Lenders Law; and

    iv.   Defendant deceives and misleads consumers when it induces consumers to sign a Promissory Note and Disclosure Statement through an Internet presentation which is one sided and does not effectively communicate to a reasonable consumer the critical terms of the loan.

98.   Defendant's business practices violate the legislatively declared policy and spirit reflected in the EFTA, TILA, California Finance Lenders Law, and the Rosenthal Act, and have the same effect as a violation of these statutes.

99.   As a result of these violations and unfair business practices, Plaintiff suffered injury

16

1   in fact and lost money and property, including but not limited to payments of interest and other

2   charges collected by Defendant on loan made in violation of these laws.

3        100.   Pursuant to California Business and Professions Code section 17200, *et seq.*, Plaintiff

4   is entitled to enjoin the practice of making unconscionable loan, of harassing debt collection, and to

5   obtain restitution of all funds obtained by Defendant by reason of and through the use of these

6   unlawful, unfair, or fraudulent acts and practices.

7        101.   Pursuant to Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover her

8   reasonable attorney's fees, costs, and expenses incurred in bringing this action.

9   

**SEVENTH CAUSE OF ACTION**
**For Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.***

10

11        102.   Plaintiff realleges each and every allegation above as if fully set forth in this Cause of

12   Action.

13        103.   The California Unfair Competition Law ("UCL"), California Business and Profession

14   Code section 17200 *et seq.*, defines unfair competition to include any "unlawful," "unfair," or

15   "deceptive" business act or practice.  Cal. Bus. & Prof. Code § 17200.

16        104.   Plaintiff challenges Defendant's deceptive practice of making loans with

17   unconscionable loan terms and interest rates.

18        105.   Defendant's practices are likely to deceive consumers in that they fail to accurately

19   and fairly represent the characteristics and benefits of the loans they provide, they represent that they

20   have rights and remedies prohibited by law, and they rely on predatory lending tactics.

21        106.   As a result of these violations and fraudulent business practices, Plaintiff suffered

22   injury in fact and lost money and property, including but not limited to payments of interest and

23   other charges collected by Defendant on loan made in violation of these laws.

24        107.   Pursuant to California Business and Professions Code section 17200, *et seq.*, Plaintiff

25   is entitled to enjoin the practice of making unconscionable loan, of harassing debt collection and to

26   obtain restitution of all funds obtained by Defendant by reason of and through the use of these

27   unlawful, unfair, or fraudulent acts and practices.

28

17

108.    Pursuant to Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover her reasonable attorney's fees, costs, and expenses incurred in bringing this action.

## RELIEF SOUGHT

Plaintiff requests relief as follows:

1.    A declaration of the rights of Plaintiff with respect to Defendant under the California Finance Lenders Law and its regulations, an accounting to bring her loan into compliance with the California Finance Lenders Law and its regulations, restitution of all monies collected and/or charged by Defendant from Plaintiff in violation of the California Finance Lenders Law and its regulations with prejudgment interest to date, and injunctive relief against Defendant threatened and ongoing violations of the California Finance Lenders Law and its regulations, as more particularly set forth above;

2.    Restitution of all monies wrongfully charged to and/or collected from Plaintiff in violation of California Business and Professions Code section 17200 *et seq.* with prejudgment interest to date, and injunctive relief against Defendant for violations of section 17200, as more particularly set forth above;

3.    Actual and statutory damages for violations of TILA, EFTA, and the Rosenthal Act.

4.    Punitive damages according to proof at trial;

5.    Attorneys fees and expenses of litigation to the extent provided by law;

6.    Costs of suit; and

7.    Such other and further legal and equitable relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

DATED:   July 1, 2008

THE STURDEVANT LAW FIRM
A Professional Corporation

By: _____
MONIQUE OLIVIER
Attorneys for Plaintiff Krista O'Donovan

18

# EXHIBIT A



QUESTIONS? Call Us at 866-590-CASH  

Home | Logout | Loan Status | Testimonials | Rates | Careers | Contact Us | Help

## Signed Document

Sign Time: October 17, 2005 10:22 AM

**Loan Document**

## CASHCALL PROMISSORY NOTE AND DISCLOSURE STATEMENT

Account No.: 103219
Lender:       CashCall, Inc.
Address:      17360 Brookhurst Street
              Fountain Valley, CA 92708

Date of Note: 10/17/2005
Borrower:     KRISTA R O'DONOVAN

### TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost YOU | AMOUNT FINANCED<br>The amount of credit provided to YOU | TOTAL OF PAYMENTS<br>The amount you will have paid after all payments are made as scheduled |
|---|---|---|---|
| 59.83 % | $25,161.86 | $5,000.00 | $30,161.86 |

| PAYMENT SCHEDULE |
|---|
| You will make one payment of $375.07 on 12/1/2005. |
| You will make 119 monthly payments of $250.31 beginning on 1/1/2006. |

**Late Charge:**   If a payment is late, you will be charged $15.

**Prepayment:**   If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

| ITEMIZATION OF AMOUNT FINANCED | |
|---|---|
| Amount Financed: | $5,000.00 |
| Amount Paid to Borrower Directly: | $5,000.00 |

| Prepaid Finance Charge/Origination Fee: | $75.00 |
|---|---|

In this Promissory Note & Disclosure Statement ("Note"), the words "I" and "me" mean the person signing as a borrower. The boxed-in disclosures above are part of the terms and conditions of your agreement with us.

FOR VALUE RECEIVED, I promise to pay to the order of CashCall, Inc., or any subsequent holder of this Note (the "Holder"), the sum of **$5,075.00**, together with interest calculated at **59.00 %** and any outstanding charges or late fees, until the full amount of this Note is paid.

I understand that my payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule described above is only an estimate and may change in the event you do not make all payments as scheduled.

I understand that I may prepay all or any part of the principal without penalty.

I understand that I will be subject to a fee not to exceed the legally permitted amount if any payment I make is returned for non-sufficient funds.

I understand that if I fail to make any payment due hereunder, the Holder of this Note shall have the right, after a 30-day grace period, to declare this Note to be immediately due and payable. I further understand that if I file for an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code, the Holder of this Note shall have the right to declare this Note to be immediately due and payable.

I understand that in the event that Holder is required to employ an attorney at law to collect any amounts due under this Note, I will be required to pay the reasonable fees of such attorney to protect the interest of Holder or to take any other action required to collect the amounts due hereunder.

I agree that all payments not made within fifteen (15) days of the due date shall be subject to a late fee of $15. Any late fee assessed shall be collected by the Holder on behalf of the Holder and shall inure to the exclusive benefit of the Holder.

The origination fee included in the prepaid finance charge/origination fee disclosed above is fully earned upon loan origination, is not subject to rebate upon prepayment or acceleration of this Note and is not considered interest.

The Holder of this Note may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I hereby, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, or protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.

The rights of Holder hereof shall be cumulative and not necessarily successive. This Note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

This Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and that the one, true original Note is retained electronically by Holder on behalf of Holder. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only.

I understand that I have previously consented to receive all communications from the Holder, including but not limited to, all required disclosures via electronic mail.

I understand and agree that CashCall, Inc. may obtain credit reports on me an ongoing basis as long as this loan remains in effect. I also authorize CashCall, Inc. to report information concerning my account to credit bureaus and anyone else it believes in good faith has a legitimate need for such information.

NOTE TO CALIFORNIA BORROWERS: A married or registered domestic partner applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. If Holder takes any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 120 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**



☑ I CERTIFY THAT NO PERSON HAS PERFORMED ANY ACT AS A BROKER IN CONNECTION WITH THE MAKING OF THIS LOAN.

☑ I ATTEST THAT THE CHECK SUBMITTED FOR APPROVAL OF MY LOAN IS FROM A LEGAL, OPEN AND ACTIVE ACCOUNT. THE CHECK IS NOT ALTERED, FORGED, STOLEN OR OBTAINED THROUGH FRAUDULENT OR ILLEGAL MEANS.

☑ I ATTEST THAT (1) THE PAY STUB THAT I SUBMITTED FOR APPROVAL OF MY LOAN IS A VALID STUB FROM A JOB THAT I CURRENTLY HOLD AND THE STUB HAS NOT BEEN ALTERED OR FORGED IN ANY WAY; OR (2) I WAS NOT REQUIRED TO SUBMIT A PAY STUB TO OBTAIN MY LOAN.

☑ **I HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND THERETO. I UNDERSTAND AND AGREE THAT MY EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.**

THIS LOAN IS MADE PURSUANT TO THE CALIFORNIA FINANCE LENDER LAW. **FOR INFORMATION, CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA, LICENSE NO. 603-8780.**

### ELECTRONIC FUNDS AUTHORIZATION AND DISCLOSURE

I hereby authorize CashCall to withdraw my scheduled loan payment from my checking account on or about the FIRST day of each month. I further authorize CashCall to adjust this withdrawal to reflect any additional fees, charges or credits to my account. I understand that CashCall will notify me 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from my regular payment amount. I understand that this authorization and the services undertaken by CashCall in no way alters or lessens my obligations under the loan agreement. I

understand that I can cancel this authorization at any time (including prior to my first payment due date) by sending written notification to CashCall. Cancellations must be received at least seven days prior to the applicable due date.

> ☑   **I UNDERSTAND CASHCALL'S PAYMENT COLLECTION POLICY AND AUTHORIZE ELECTRONIC DEBITS FROM MY BANK ACCOUNT.**

Click here to print out a copy of this document for your records.

> Sign Document

**Loans made to residents of California, Idaho, New Mexico, and Utah will be underwritten and funded by CashCall. Loans made to residents of all other states (excluding Iowa, Massachusetts, Nevada, New Jersey, New York, West Virginia and Wisconsin) will be underwritten and funded by First Bank of Delaware (Member FDIC).**

  

© 2007 CashCall, Inc. All Rights Reserved.
CashCall, Inc. Privacy Policy, Disclosures, Terms Of Use

 Powered by Cogility Software

10/28/2007 9:59 AM