1  JAMES C. STURDEVANT (SBN 94551)
   (jsturdevant@sturdevantlaw.com)
2  MONIQUE OLIVIER (SBN 190385)
   (molivier@sturdevantlaw.com)
3  WHITNEY HUSTON (SBN 234863)
   (whuston@sturdevantlaw.com)
4  THE STURDEVANT LAW FIRM
   A Professional Corporation
5  354 Pine Street, Fourth Floor
   San Francisco, California  94104
6  Telephone:(415) 477-2410
   Facsimile: (415) 477-2420
7
   Attorneys for Plaintiffs
8

9              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12 | KRISTA O'DONOVAN, and EDUARDO DE | Case No.:  C 08-03174 MEJ |
   | LA TORRE, individually and on behalf of all | |
13 | others similarly situated, | **CLASS ACTION** |
   | | |
14 | Plaintiffs, | **FIRST AMENDED COMPLAINT FOR** |
   | | **VIOLATIONS OF ELECTRONIC FUND** |
15 | v. | **TRANSFER ACT, CONSUMER LEGAL** |
   | | **REMEDIES ACT, ROSENTHAL FAIR** |
16 | CASHCALL, INC., a California corporation, and | **DEBT COLLECTION PRACTICES** |
   | DOE 1 through DOE 50, inclusive, | **ACT, AND UNFAIR COMPETITION** |
17 | | **LAW** |
   | Defendants. | |
18 | | **DEMAND FOR JURY TRIAL** |

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      Plaintiffs Krista O'Donovan and Eduardo De La Torre bring this case as a class action to challenge the unlawful, unfair, and fraudulent lending practices of CashCall, Inc. ("CashCall").

2.      This is a case of significant impact on thousands of consumers who find themselves caught in the grip of a CashCall loan.  As specified in detail below, CashCall's business practices violate numerous consumer protection and debt collection laws.

3.      CashCall's website advertises its loan interest rates in California as follows:

| Loan amount | APR (Annual Percentage Rate) |
|---|---|
| $2,600 Loan | 99.25% |
| $5,075 Loan | 70.08% |
| $10,000 Loan | 59.46% |

CashCall website, Rates for State of California, http://www.cashcall.com/General/Rates.aspx (as of June 18, 2008).

4.      CashCall makes millions of dollars in unsecured personal loans to consumers every year at exorbitantly high and unconscionable interest rates, the majority of which are in excess of 90% interest per year.  In the year 2005, CashCall reported income of over $68 million.  CashCall's income included $26,588,635 in interest income alone.  In that same year, CashCall reported additional income of $5,508,532 from fees on loans.

5.      CashCall engages in widespread TV broadcast advertising statewide aimed at financially strapped and financially desperate consumers.  CashCall targets consumers in distress who have limited credit alternatives and are financially unable to repay CashCall's loans as the loan terms require.  CashCall structures its loans so that they are effectively interest-only over much of the loan term.  CashCall therefore requires consumers to pay its extremely high interest charges for several years, without any significant reduction in their loan balances.

6.      CashCall's high interest rates, oppressive loan terms, and protracted repayment time make it impossible for most consumers who fall prey to CashCall's advertisements to pay off their

loans within any reasonable time period, even to pay their loans according to a schedule without defaulting.  As the loan term drags on, CashCall secures its profit by collecting high interest payments, while the outstanding principal balance is barely reduced.  CashCall pumps its customers' loan balances up by adding on late fees and insufficient fund charges.  Once a customer falls behind in payments, CashCall turns to coercive collection practices to keep the customer paying and CashCall collecting.

7.     A significant percentage of consumers, which CashCall estimates to be 20%, default on CashCall loans, and the percentage of customers CashCall pursues with collectors is extremely high.

8.     In collecting its loans, CashCall has engaged and continues to engage in the uniform business practice of making frequent and repeated harassing telephone calls to a consumer's residence, place of employment, and/or cellular phone, up to multiple times a day, for days or weeks in a row, demanding payment of outstanding debt.  During these phone calls, CashCall uniformly employs aggressive tactics, including abusive tone and language, harassing tone and language, and providing incorrect or misrepresentative information to convince consumers to make payments.

9.     CashCall has also engaged and continues to engage in the uniform business practice of contacting third parties, including employers, co-workers, neighbors, family members, friends, and other individuals, and communicates specific information about the debt owed, including private personal, and financial information.

## JURISDICTION AND VENUE

10.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal claims and arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court has personal jurisdiction over CashCall, as it is a California corporation.

12.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b)(2) in that the Defendant is domiciled in California and the unlawful conduct that gave rise to these claims occurred within the Northern District of California.

### INTRA-DISTRICT ASSIGNMENT

13.     Intra-district assignment in San Francisco/Oakland, California is proper because the unlawful conduct that gives rise to the alleged claims occurred in Alameda County.

### PARTIES

14.      Plaintiff Krista O'Donovan ("O'Donovan") is a natural person and a resident of Pleasanton, California.  She borrowed money from Defendant CashCall, Inc. in Alameda County, California for personal, family, or household purposes.

15.     Plaintiff Eduardo De La Torre ("De La Torre") is a natural person domiciled in Redwood City, California.  He borrowed money from Defendant CashCall, Inc. in Yolo County, California for personal, family or household purposes.

16.     Defendant CashCall, Inc. ("CashCall") is a California corporation and has its principal place of business located in California.  As such, CashCall is legally obligated to all of its customers to comply with the laws of this state, including all California consumer protection laws CashCall violated, as more specifically alleged below.

17.     CashCall is and at all relevant times was engaged in making consumer loans in Alameda County, Yolo County, and throughout California, and either was or should have been licensed by the California Department of Corporations as a California Finance Lender subject to the California Finance Lenders Law, California Financial Code section 22000 *et seq*.

18.     Defendants Does 1 through 50 are persons or entities whose true names and identities are now unknown to Plaintiffs, and who therefore are sued by such fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of these fictitiously named Defendants when they are ascertained.  Each of the fictitiously named Defendants is responsible for the conduct alleged in this complaint, and Plaintiffs' damages and the damages of the Plaintiff Class were actually and proximately caused by the conduct of the fictitiously named Defendants.

**FACTUAL ALLEGATIONS**

**Plaintiff Krista O'Donovan**

19.     In or about October 2005, Plaintiff Krista O'Donovan borrowed $5,075 from CashCall based on an annual percentage rate of interest ("APR") of 59.83%, according to CashCall's Promissory Note and Disclosure Statement.  The stated total of payments to amortize this debt is $30,161.86, or six times the principal.  The interest carry alone is over $25,000, more than five times the principal.  A true and correct copy of the CashCall Promissory Note and Disclosure Statement applicable to Plaintiff's CashCall transaction is attached as Exhibit "A" to this Complaint.

20.     CashCall made loans to Plaintiff O'Donovan beyond her financial ability to repay in the time and manner provided in the CashCall Promissory Note and Disclosure Statement.

**Plaintiff Eduardo De La Torre**

21.     In or about February 2006, Plaintiff Eduardo De La Torre borrowed $2,600 from CashCall based on an APR of approximately 98%.  Upon information and belief, the stated total of payments to amortize this debt is over $9,000.

22.     CashCall made loans to Plaintiff De La Torre beyond his financial ability to repay in the time and manner provided in the CashCall Promissory Note and Disclosure Statement.

**CLASS ACTION ALLEGATIONS**

23.     Pursuant to California Civil Code section 1781 and Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated as members of a proposed class.  This putative class (hereinafter the "Plaintiff Class") is defined as follows:

> All individuals who borrowed money from CashCall, Inc. for personal, family, or household use at any time from June 30, 2004 to the present.

24.     This action may properly be maintained as a class action pursuant to California Civil Code section 1781 and Rule 23.

25.      CashCall's loans to Plaintiffs and the members of the Plaintiff Class are all "consumer loans" as defined by California Financial Code section 22203.

4

26.     The Promissory Note and Disclosure Statements that CashCall issued for Plaintiffs and the members of the Plaintiff Class were all prepared on form loan agreements that are the same or substantially similar to the Promissory Note and Disclosure Statements CashCall issued for Plaintiffs.

27.     Plaintiffs are informed and believe and on that basis allege that the Plaintiff Class is so numerous that joinder of their individual claims is impracticable. The precise number of the Plaintiff Class, and the identities of the members, are ascertainable from the business records of CashCall.

28.     Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

     a.     Whether CashCall's practices violate the Electronic Fund Transfer Act, 15 U.S.C. section 1693 *et seq.* ("EFTA"), including Regulation E, 12 C.F.R. section 205 *et seq.*, promulgated by the Board of Governors of the Federal Reserve System;

     b.     Whether CashCall's uniform lending and collection practices are unlawful, unfair, and deceptive business practices in violation of the Unfair Competition Law, California Business and Professions Code section 17200 *et seq.* ("UCL") and the California Finance Lenders Law, California Financial Code section 22000 *et seq.*;

     c.     Whether CashCall's uniform lending and collection practices have violated the Consumer Legal Remedies Act, Civil Code section 1750 *et seq.* ("CLRA"), by uniformly representing that the service they provide has characteristics and benefits which it does not have;

     d.     Whether CashCall's uniform practice of employing abusive and harassing debt collection tactics and relying on misrepresentations to collect debts violates the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act"); and

     e.     The nature and extent of relief to Plaintiffs and the Plaintiff Class, including declaratory judgment, accounting, injunctive relief, restitution, and other remedies to which Plaintiffs and the other members of the Plaintiff Class are entitled.

29.     Plaintiffs' claims are typical of the claims of the Plaintiff Class.  Each of the members of the Plaintiff Class borrowed money from CashCall and was issued a Promissory Note and Disclosure Statement on forms that are the same or substantially similar to the Promissory Note and Disclosure Statement form issued to Plaintiffs.  Each of the members of the Plaintiff Class was subject to the same or substantially similar uniform lending practices followed by CashCall.  Each of the members of the Plaintiff Class has the same or substantially similar claims to Plaintiffs for relief against these practices under the CLRA; the EFTA; the Rosenthal Act; the California Finance Lenders Law; and the UCL.  As described above and below, the claims arise from the same course of conduct by CashCall, and the relief sought is common.

30.     Plaintiffs are adequate representatives of the Plaintiff Class because:  (a) their interests do not conflict with the interests of the individual members of the Plaintiff Class they seek to represent; (b) they have retained counsel who are competent and experienced in complex class action litigation; and (c) they intend to prosecute this action vigorously.  The interests of the members of the Plaintiff Class will be fairly and adequately protected by Plaintiffs and their counsel.

31.     The Plaintiff Class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Plaintiff Class.  Furthermore, because the economic damages suffered by the individual class members may be relatively modest, albeit significant, compared to the expense and burden of individual litigation, it would be impracticable for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein.  There will be no undue difficulty in the management of this litigation as a class action.  Plaintiffs' and the Plaintiff Class members' common claims can be economically adjudicated only in a class action proceeding, thus promoting judicial efficiency and avoiding multiple trials and inconsistent judgments.

## FIRST CLAIM
**For violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*. and Federal Reserve Regulation E, 12 C.F.R. § 205 *et seq*.**

32.     Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Claim.

6

33. CashCall has initiated and/or effected electronic fund transfers of loan installments from the accounts of Plaintiffs on days of the month other than those agreed to and specified by these Plaintiffs.

34. The Promissory Note and Disclosure Statements relating to the CashCall loan transactions of Plaintiffs and the members of the Plaintiff Class uniformly specify a particular day of the month when CashCall is allowed to initiate and affect electronic fund transfers from customer accounts to collect installment payments and other amounts from Plaintiffs and the Plaintiff Class.

35. CashCall has engaged and continues to engage in the business practice of initiating and effecting electronic fund transfers from customer accounts to collect payments on days of the month other than those agreed to and specified in the Promissory Note and Disclosure Statement. When CashCall fails to collect a loan installment payment or other charge through electronic fund transfer on the day agreed to and specified in a Promissory Note and Disclosure Statement, CashCall thereafter attempts to collect the installment payment and other charges on later days during the same installment cycle that were not agreed to or authorized by the customer.

36. These practices violate the Electronic Fund Transfer Act, 15 U.S.C. section 1693 *et seq.* ("EFTA"), including 15 U.S.C. section 1693e and Regulation E, 12 C.F.R. section 205 *et seq.*, promulgated by the Board of Governors of the Federal Reserve System.

37. Section 1693e(a) provides in relevant part: "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." Plaintiffs gave CashCall written preauthorization to initiate and effect electronic transfers on the first of the month. CashCall's initiation of electronic fund transfers from Plaintiffs' accounts on days of the month other than those so specified violates section 1693e(a) and Regulation E because transfers on those unspecified dates are not in compliance with section 1693e(a).

38. These practices violate the EFTA, including 15 U.S.C. section 1693e and Regulation E promulgated by the Board of Governors of the Federal Reserve System, and constitute systematic breaches of the CashCall Promissory Note and Disclosure Statement in violation of 15

7

U.S.C. section 45(n) and the *Federal Trade Commission Policy Statement on Unfairness*, Letter from Wendell H. Ford & John C. Danforth to Senate members of the Consumer Subcommittee of the U.S. Senate Committee on Commerce, Science, and Transportation (Dec. 17, 1980), appended to *International Harvester Co.*, 104 F.T.C. 949, 1070 (1984).

39.     Further, CashCall has engaged and continues to engage in the business practice of conditioning the extension of credit on the customer's repayment by means of preauthorized electronic fund transfers.  CashCall requires all customers to agree to a provision that permits CashCall to make electronic debits from their bank account.

40.     These practices violate the EFTA, including 15 U.S.C. section 1693k and Regulation E promulgated by the Board of Governors of the Federal Reserve System.  Section 1693k(1) states in pertinent part:  "No person may . . . condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers; . . ."

41.     Further, CashCall has engaged and continues to engage in the business practice of limiting consumers' rights to cancel or stop payment of a preauthorized electronic fund transfer by requiring all customers to agree to the following provision as a condition of a CashCall loan, "I understand that I can cancel this authorization at any time (including prior to my first payment due date) by sending written notification to CashCall.  Cancellations must be received at least seven days prior to the applicable due date."

42.     These practices violate the EFTA, including 15 U.S.C. section 1693e(a) and Regulation E promulgated by the Board of Governors of the Federal Reserve System, which permit a consumer to stop payment of a preauthorized electronic fund transfer by notifying either orally or in writing up to three business days prior to the scheduled date of the transfer.

43.     As a direct and proximate result of these violations, Plaintiffs and the Plaintiff Class were and continue to be damaged in an amount according to proof, including, without limitation, statutory damages and actual damages, such as payments of interest and other charges collected by CashCall and emotional distress damages.

44.     Pursuant to 15 U.S.C. section 1693 *et seq.*, Plaintiffs and the Plaintiff Class are

8

First Amended Complaint For Violations Of Electronic Fund Transfer Act, Consumer Legal Remedies Act, Rosenthal Fair Debt Collection Practices Act, and Unfair Competition Law -- Case No. C 08-03174 MEJ

entitled to recover actual damages sustained as a result of CashCall's violations of EFTA, in an amount to be determined at trial, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. section1693m.

**SECOND CLAIM**
**Violation of Consumer Legal Remedies Act, California Civil Code § 1750 *et seq*.**

45.     Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Claim.

46.     The Consumer Legal Remedies Act, California Civil Code section 1750 *et seq*. ("CLRA"), specifically provides that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."  Cal. Civ. Code § 1751.

47.     CashCall has violated section 1770(a)(5) of the Act by representing that the services CashCall provides have characteristics and benefits which they do not have, including without limitation, failing to adequately disclose the terms of loans and promising loans benefits which are not accurate or realistic based on the terms of the loans.

48.     CashCall has violated section 1770(a)(14) of the CLRA by representing that they have rights and remedies that are prohibited by law, specifically that they have the right to collect debts without providing notices required by law, and that they have the right to collect debts in a manner prohibited by the EFTA and the Rosenthal Act.

49.     CashCall has violated section 1770(a)(19) of the Act by including unfair and unconscionable loan terms, including unconscionable usury rates and an unconscionable Internet presentation of the loans, in its loan agreements.  CashCall possesses bargaining strength and power far superior to that of Plaintiffs and other customers.  Without discussion or negotiation, CashCall offers standardized form contracts, drafted by CashCall, which are contracts of adhesion because they are offered on a take-it-or-leave-it basis.  The loan agreements are substantially one-sided in favor of CashCall.  They are, therefore, unlawful, unfair, fraudulent, and unconscionable.

50.     As a result of the unfair and deceptive acts and practices of CashCall herein above described, Plaintiffs and members of the Plaintiff Class have been harmed.

51.     On August 8, 2008, Plaintiff O'Donovan, through her counsel, sent a notice and demand letter, on behalf of herself and all other similarly situated, by certified mail, return receipt, to CashCall, Inc., pursuant to California Civil Code section 1782.  As of October 10, 2008, Plaintiffs had not received a response from CashCall.

52.     As a result of the unfair and deceptive acts and practices of CashCall herein above described, members of the Plaintiff Class who are senior citizens or disabled individuals have suffered substantial economic or emotional harm, and are entitled to special statutory damages in accordance with California Civil Code section 1780(b).

53.     Pursuant to California Civil Code sections 1770 and 1780, Plaintiffs and each member of the Plaintiff Class they seeks to represent are entitled to recover actual damages against CashCall sustained as a result of CashCall's violations of the CLRA.  In addition, Plaintiffs are entitled to recover and seek to recover for themselves any other resulting monetary losses and damages and for emotional distress, which damages are in an amount to be proven at trial.

54.     Pursuant to California Civil Code section 1780, Plaintiffs and each member of the Plaintiff Class they seek to represent are entitled to recover punitive damages against CashCall because CashCall acted with malice, oppression, or fraud.

55.     Pursuant to California Civil Code sections 1780 and 1781, Plaintiffs and the Plaintiff Class hereby request certification of the Plaintiff Class, injunctive relief, and attorney's fees, costs and expenses pursuant to California Civil Code section 1780(d) and California Code of Civil Procedure section 1021.5.

### THIRD CLAIM
### Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

56.     Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Claim.

57.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act"), prohibits unfair and deceptive acts and practices in the collection of consumer debts.

58.     CashCall, in the regular course of business, engages in debt collection and is a "debt collector" as defined by California Civil Code section 1788.2(c).

59.     When Plaintiff O'Donovan's or De La Torre's payment on their CashCall loan was late, even by one day, they received phone calls from CashCall employees attempting to collect their debt.  The callers contacted both Plaintiffs multiple times each day, aggressively demanded they make payments on their CashCall loan, and made misrepresentations.  Plaintiffs were yelled at and threatened by these callers.  Additionally, CashCall contacted third parties in an attempt to collect Plaintiffs' debts, including family members, friends, and employers.

60.     By their acts and practices as hereinabove described, CashCall has violated the Rosenthal Act and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), as incorporated by California Civil Code section 1788.17, as follows, without limitation:

a.      Systematically harassing Plaintiffs and the members of the Plaintiff Class by excessive and unnecessary telephone calls in order to coerce and intimidate customers into paying and continuing to pay CashCall, in the absence of any legitimate reason for the continuation of such calls.

b.      Systematically and unlawfully communicating with third parties regarding the loans of Plaintiffs and the members of the Plaintiff Class, including, without limitation, employers, friends, and family members, and communicating information in regards to the debt owed by the consumer to third parties.

c.      Using deceit and misrepresentation in communications in collecting loans from Plaintiffs and the members of the Plaintiff Class.

d.      Claiming and collecting amounts not authorized by agreement with the Plaintiffs and the members of the Plaintiff Class, including but not limited to insufficient fund fees on electronic debit transactions made on unauthorized days of the month.

e.      Failing to include certain debt collection notices required by law in collecting loans to Plaintiffs and the members of the Plaintiff Class.

61.     Pursuant to California Civil Code sections 1788.30 and 1788.17 (incorporating 15 U.S.C. section 1692 *et seq.*), Plaintiffs and the Plaintiff Class are entitled to recover actual damages sustained as a result of CashCall's violations of the Rosenthal Act.  Such damages include, without limitation, resulting monetary losses and damages, which damages are in an amount to be proven at trial.  In addition, Plaintiffs are entitled to recover and seeks to recover for themselves any

11

1  other resulting monetary losses and damages and for their emotional distress, which damages are in

2  an amount to be proven at trial.

3       62.    In addition, pursuant to California Civil Code sections 1788.30 and 1788.17

4  (incorporating 15 U.S.C. section 1692 *et seq.*), because CashCall's violations of the Rosenthal Act

5  were committed willingly and knowingly, Plaintiffs and the Plaintiff Class are entitled to recover, in

6  addition to actual damages, penalties of at least $1,000 per violation as provided for in the Act.

7       63.    Pursuant to California Civil Code sections 1788.30 and 1788.17 (incorporating

8  15 U.S.C. section 1692 *et seq.*), Plaintiffs and the Plaintiff Class are entitled to recover all attorneys'

9  fees, costs, and expenses incurred in the bringing of this action.

10  **FOURTH CLAIM**

11  **For Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.***

12       64.    Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every

13  allegation above as if fully set forth in this Claim.

14       65.    The California Unfair Competition Law, California Business and Profession Code

15  section 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or

16  "deceptive" business act or practice.  Cal. Bus. & Prof. Code § 17200.

17       66.    CashCall has engaged and continues to engage in the illegal and unfair business

18  practice of making loans on terms that are unconscionable under the circumstances at the time they

19  are made and which fail to accurately and fairly represent the characteristics and benefits of the

20  loans.  CashCall violated and continues to violate the UCL, California Financial Code section 22302,

21  and California Civil Code section 1670.5, by making loans at rates of interest and on other terms that

22  are unconscionable in light of the financial circumstances of the borrowers.

23       67.    The CashCall Promissory Note and Disclosure Statement relating to Plaintiffs and the

24  Plaintiff Class is a form document prepared exclusively by CashCall and presented to Plaintiffs and

25  the members of the public on a take-it-or-leave-it basis.  CashCall has grossly disproportionate

26  bargaining power vis-à-vis consumers and dictates the terms of its loans and loan documents.

27  CashCall allows no opportunity for negotiation.  The customer must consent to all terms proposed by

28

12

1  CashCall in order to obtain a loan from CashCall.

2       68.    The CashCall Promissory Note and Disclosure Statement relating to each of the

3  Plaintiffs and each member of the Plaintiff Class is a consumer contract of adhesion.

4       69.    CashCall lends to consumers over the Internet, with the customer at a personal

5  computer, using electronic signatures, document transmittals, and disclosures.  CashCall uniformly

6  requires consumers to apply for and execute loan documents electronically.  A customer must have

7  access to a personal computer in order to fill out and transmit the loan application and

8  documentation forms required by CashCall in order to obtain a CashCall loan.  CashCall does not

9  lend money based on paper transactions.

10       70.    CashCall's Internet presentation to consumers of the CashCall loan application and

11  documentation forms required to obtain a CashCall loan, including the CashCall Promissory Note

12  and Disclosure Statement, does not allow the consumer a fair opportunity to review the documents,

13  as a borrower would ordinarily have if presented with a loan application and documentation forms in

14  a paper format.  Because the forms are presented in a constricted Internet browser window format,

15  consumers do not have a fair opportunity to review the application forms and loan documentation

16  before completing the loan application process.  To the extent that CashCall may allow consumers to

17  print these forms out before completing the application process, CashCall does not conspicuously

18  disclose that option, or require that consumers do so and read the documents before completing the

19  process.

20       71.    Plaintiffs and the Plaintiff Class were presented with the CashCall Promissory Note

21  and Disclosure Statement in small bits and pieces on a computer screen.  This presentation does not

22  clearly and conspicuously present the rate of interest, the APR, the required Truth in Lending

23  Disclosures, or the term of the loan.  A reasonable consumer would not see, register, and understand

24  these provisions due to the limitations of presentation on a computer screen.  Plaintiffs and the

25  Plaintiff Class did not see, register, and/or understand these features of CashCall loans.

26       72.    As a result of CashCall's Internet presentation, Plaintiffs did not register or

27  understand the loan terms and disclosures.

28

13

73.     The Internet presentation of the CashCall Promissory Note and Disclosure Statement to Plaintiffs and the Plaintiff Class is markedly one-sided and presents a distorted picture of the loans CashCall offers.  CashCall's Internet presentation does not bring home to consumers:  (a) the length of time that CashCall loans are effectively interest only, that is, two to four years before there is any appreciable principal reduction, or (b) that the interest the consumer must pay typically costs three to five times the amount that the consumer receives from CashCall.

74.     CashCall's business practices are unfair because they deceive and mislead consumers by inducing them to sign a Promissory Note and Disclosure Statement through an Internet presentation which is one sided and does not effectively communicate to a reasonable consumer the critical terms of the loan.

75.     Plaintiffs and the members of the Plaintiff Class were unable to understand the ramifications of CashCall's amortization of the loans, and to realize the full cost and unfairness of the financial obligation CashCall's loans purport to impose on Plaintiffs and the members of the Plaintiff Class.  As a result of a presentation of loan terms and disclosures in an unconscionable format, CashCall violated California Financial Code section 22302.

76.     CashCall's practices are further illegal, unfair, and unconscionable business practices because they involve making and collecting loans at exorbitant interest rates on amortization schedules that require borrowers to repay CashCall at least twice the amount borrowed before reducing substantial principal, requiring borrowers to repay CashCall from three to five times the amount of the loan, and requiring repayment over an inordinate amount of time.  These practices offend public policy, are unconscionable, oppressive and unscrupulous, and cause substantial injury to consumers.

77.     CashCall targets consumers experiencing serious, if not altogether desperate, financial challenges.  Plaintiffs and the Plaintiff Class have obtained CashCall loans at exorbitantly high interest rates and on such unfavorable loan terms because, in their financial circumstances, credit alternatives on more favorable terms are not practically available to them in the marketplace. A significant percentage of consumers default on CashCall loans, and the percentage of customers

14

1    CashCall pursues with collectors is extremely high.

2        78.    The harm suffered by Plaintiffs and the Plaintiff Class as a result of the

3    extraordinarily oppressive nature of CashCall loan terms greatly outweighs what value, if any, they

4    receive as a result of the initial CashCall loan.

5        79.    CashCall's practices are further illegal, unfair, and unconscionable because CashCall

6    engages in predatory lending practices including, but not limited to, the use of high pressure sales

7    tactics and failing to consider a consumer's ability to repay a loan.

8        80.    The loans made to Plaintiffs and the Plaintiff Class are void and not enforceable

9    because they are unlawful, unfair, and unconscionable in violation of California Financial Code

10   section 22302 and California Civil Code section 1670.5, as well as the UCL.

11       81.    In making and administering their loans to Plaintiffs and the Plaintiff Class, CashCall

12   willfully violated California Financial Code section 22302 and California Civil Code section 1670.5.

13       82.    Further, CashCall has engaged and continues to engage in business practices that

14   violate California Financial Code section 22320.  Section 22320 provides in relevant part:  "[A] fee

15   not to exceed fifteen dollars ($15) for the return by a depository institution of a dishonored check,

16   negotiable order of withdrawal, or share draft may be charged and collected by the licensee."

17   Section 22320 allows insufficient fund fees only in the case of dishonored checks and similar written

18   payment instruments returned unpaid by depository institutions.

19       83.    CashCall collects insufficient fund fees whenever CashCall's requests for an

20   electronic fund transfer of a loan installment payment or other charge from a customer account is not

21   satisfied.  CashCall has charged and collected at least one insufficient fund fee from both Plaintiffs

22   based on attempted electronic fund transfers initiated by CashCall in order to obtain payment of

23   installments and other charges from Plaintiffs' bank accounts.

24       84.    In making and administering their loans to Plaintiffs and the Plaintiff Class, CashCall

25   willfully violated California Financial Code section 22320.

26       85.    Further, in making loans to Plaintiffs and the Plaintiff Class, CashCall made loans

27   beyond their financial ability to pay in the time and manner provided in the Promissory Note and

28

15

Disclosure Statement, in violation of 10 C.C.R. section 1452, a regulation promulgated under the California Finance Lenders Law, pursuant to California Financial Code section 22150, which states, "When making or negotiating loans, a finance company shall take into consideration, in determining the size and duration thereof, the financial ability of the borrowers to repay the same, to the end that the borrowers should be reasonably to repay said loans in the time and manner provided in the loan contracts." 10 C.C.R. § 1452.

86. In making and administering their loans to Plaintiffs and the Plaintiff Class, CashCall willfully violated California Financial Code section 22150 and 10 C.C.R. section 1452.

87. As a result of these violations and unfair business practices, Plaintiffs suffered injury in fact and lost money and property, including but not limited to payments of interest and other charges collected by CashCall on loans made in violation of these laws.

88. Pursuant to California Business and Professions Code section 17200 *et seq*., Plaintiffs and the Plaintiff Class are entitled to enjoin the practice of making unconscionable loans and of harassing debt collection, and to obtain restitution of all funds obtained by CashCall by reason of and through the use of these unlawful, unfair, or fraudulent acts and practices.

### FIFTH CLAIM
**For Unlawful and Unfair Business Practices in Violation of**
**Cal. Bus. & Prof. Code § 17200 *et seq*.**

89. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Claim.

90. CashCall's business practices in making and collecting loans are unlawful business practices in violation of the UCL because they violate, without limitation, EFTA, the Rosenthal Act, and the CLRA, as described above.

91. As a result of these violations and unlawful business practices, Plaintiffs suffered injury in fact and lost money and property, including but not limited to payments of interest and other charges collected by CashCall on loans made in violation of these laws.

92. Pursuant to California Business and Professions Code section 17203, Plaintiffs, individually, and on behalf of all members of the Plaintiff Class, and the general public who are,

1   have been or may be, subjected to the practices of CashCall in violation of section 17200, hereby

2   request injunctive relief prohibiting these practices in the future, and such other orders as may be

3   necessary to restore to any person in interest, any money or property, real or personal, which may

4   have been acquired by CashCall by means of this unlawful, unfair and fraudulent business practice,

5   or to disgorge profits CashCall have earned thereby.

### SIXTH CLAIM
**For Unlawful Fraudulent and Unfair Business Practices in Violation of
Cal. Bus. & Prof. Code § 17200 *et seq.***

8   93.    Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every

9   allegation above as if fully set forth in this Claim.

10   94.    CashCall's marketing, sale, and collection of its loans are fraught with material

11   misrepresentations and omissions that are likely to deceive consumers and violate the UCL.

12   95.    In its dealings with Plaintiffs and members of the Plaintiff Class, CashCall failed and

13   continues to fail to accurately represent the characteristics and benefits of the loans they provide.

14   Among other things, CashCall promotes its loans as short term loans and fails to disclose adequately

15   the fact that consumers will have to pay back more than three times what they borrow.

16   96.    CashCall's agreements with consumers also misrepresent that CashCall has rights

17   with respect to collection of debts that are in fact prohibited by law.  In particular, CashCall

18   misrepresents that it has a right to condition its loans on consumers' authorization to direct debits

19   from their bank accounts to repay the loans.  On information and belief, CashCall also routinely

20   makes misrepresentations to consumers in its attempts to make consumers pay the usurious terms of

21   the loans.

22   97.    These are material misrepresentations and omissions that are likely to deceive

23   consumers, likely to induce consumers to misunderstand the material loan terms, and/or likely to

24   induce a consumer to agree to a loan.

25   98.    As a result of these unlawful and fraudulent business practices, Plaintiffs suffered

26   injury in fact and lost money and property, including but not limited to payments of interest and

27   other charges collected by CashCall on loans made in violation of these laws.

28

17

99.     Pursuant to California Business and Professions Code section 17200 *et seq*., Plaintiffs are entitled to enjoin the practice of making unconscionable loans, of harassing debt collection and to obtain restitution of all funds obtained by CashCall by reason of and through the use of these unlawful, unfair, or fraudulent acts and practices.

100.    Pursuant to Code of Civil Procedure section 1021.5, Plaintiffs are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in bringing this action.

<u>**RELIEF SOUGHT**</u>

Plaintiffs request the following relief for themselves and on behalf of the Plaintiff Class:

1.      An order certifying the Plaintiff Class under California Code of Civil Procedure section 382 and California Civil Code section 1781, and appointing Plaintiffs and their counsel to represent the Plaintiff Class;

2.      A declaration of the rights of Plaintiffs and of the Plaintiff Class with respect to CashCall under the California Finance Lenders Law and its regulations, an accounting to bring their loans into compliance with the California Finance Lenders Law and its regulations, restitution of all monies collected and/or charged by CashCall from Plaintiffs and the Plaintiff Class in violation of the California Finance Lenders Law and its regulations with prejudgment interest to date, and injunctive relief against CashCall threatened and ongoing violations of the California Finance Lenders Law and its regulations, as more particularly set forth above;

3.      Restitution of all monies wrongfully charged to and/or collected from Plaintiffs and the Plaintiff Class in violation of the UCL with prejudgment interest to date, and injunctive relief against CashCall for violation of the UCL, as more particularly set forth above;

4.      Actual and statutory damages to Plaintiffs and the Plaintiff Class for violations of EFTA, the Rosenthal Act, and the CLRA.

5.      Punitive damages to Plaintiffs and the Plaintiff Class according to proof at trial;

6.      Attorneys fees and expenses of litigation to the extent provided by law;

7.      Costs of suit; and

8.      Such other and further legal and equitable relief as this Court may deem proper.

18

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of each and every cause of action so triable.

Respectfully submitted,

DATED:   October 10, 2008

THE STURDEVANT LAW FIRM
A Professional Corporation

By:   /s/   *Whitney Huston*
WHITNEY HUSTON
Attorneys for Plaintiffs

Z:\434 - CashCall, Inc\Pleadings\FAC - FINAL.doc

First Amended Complaint For Violations Of Electronic Fund Transfer Act, Consumer Legal Remedies Act, Rosenthal Fair Debt Collection Practices Act, and Unfair Competition Law -- Case No. C 08-03174 MEJ

# EXHIBIT A

QUESTIONS? Call Us at 866-590-CASH    En Español

**CashCall**
LOANS THAT FIT YOUR LIFESTYLE

Home | Logout | Loan Status | Testimonials | Rates | Careers | Contact Us | Help

## Signed Document

**Sign Time:** October 17, 2005 10:22 AM

### Loan Document

## CASHCALL PROMISSORY NOTE AND DISCLOSURE STATEMENT

Account No.: 103219
Lender: CashCall, Inc.
Address: 17360 Brookhurst Street
Fountain Valley, CA 92708

Date of Note: 10/17/2005
Borrower: KRISTA R O'DONOVAN

### TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost YOU | The amount of credit provided to YOU | The amount you will have paid after all payments are made as scheduled |
| **59.83 %** | **$25,161.86** | **$5,000.00** | **$30,161.86** |

### PAYMENT SCHEDULE

You will make one payment of $375.07 on 12/1/2005.

You will make 119 monthly payments of $250.31 beginning on 1/1/2006.

**Late Charge:** If a payment is late, you will be charged $15.

**Prepayment:** If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Amount Financed: | $5,000.00 |
| Amount Paid to Borrower Directly: | $5,000.00 |

| Prepaid Finance Charge/Origination Fee: | $75.00 |

In this Promissory Note & Disclosure Statement ("Note"), the words "I" and "me" mean the person signing as a borrower. The boxed-in disclosures above are part of the terms and conditions of your agreement with us.

FOR VALUE RECEIVED, I promise to pay to the order of CashCall, Inc., or any subsequent holder of this Note (the "Holder"), the sum of **$5,075.00**, together with interest calculated at **59.00 %** and any outstanding charges or late fees, until the full amount of this Note is paid.

I understand that my payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule described above is only an estimate and may change in the event you do not make all payments as scheduled.

I understand that I may prepay all or any part of the principal without penalty.

I understand that I will be subject to a fee not to exceed the legally permitted amount if any payment I make is returned for non-sufficient funds.

I understand that if I fail to make any payment due hereunder, the Holder of this Note shall have the right, after a 30-day grace period, to declare this Note to be immediately due and payable. I further understand that if I file for an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code, the Holder of this Note shall have the right to declare this Note to be immediately due and payable.

I understand that in the event that Holder is required to employ an attorney at law to collect any amounts due under this Note, I will be required to pay the reasonable fees of such attorney to protect the interest of Holder or to take any other action required to collect the amounts due hereunder.

I agree that all payments not made within fifteen (15) days of the due date shall be subject to a late fee of $15. Any late fee assessed shall be collected by the Holder on behalf of the Holder and shall inure to the exclusive benefit of the Holder.

The origination fee included in the prepaid finance charge/origination fee disclosed above is fully earned upon loan origination, is not subject to rebate upon prepayment or acceleration of this Note and is not considered interest.

The Holder of this Note may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I hereby, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, or protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.

The rights of Holder hereof shall be cumulative and not necessarily successive. This Note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

This Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and that the one, true original Note is retained electronically by Holder on behalf of Holder. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only.

I understand that I have previously consented to receive all communications from the Holder, including but not limited to, all required disclosures via electronic mail.

I understand and agree that CashCall, Inc. may obtain credit reports on me an ongoing basis as long as this loan remains in effect. I also authorize CashCall, Inc. to report information concerning my account to credit bureaus and anyone else it believes in good faith has a legitimate need for such information.

NOTE TO CALIFORNIA BORROWERS: A married or registered domestic partner applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. If Holder takes any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 120 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**

| | |
|---|---|
| ☑ | I CERTIFY THAT NO PERSON HAS PERFORMED ANY ACT AS A BROKER IN CONNECTION WITH THE MAKING OF THIS LOAN. |
| ☑ | I ATTEST THAT THE CHECK SUBMITTED FOR APPROVAL OF MY LOAN IS FROM A LEGAL, OPEN AND ACTIVE ACCOUNT. THE CHECK IS NOT ALTERED, FORGED, STOLEN OR OBTAINED THROUGH FRAUDULENT OR ILLEGAL MEANS. |
| ☑ | I ATTEST THAT (1) THE PAY STUB THAT I SUBMITTED FOR APPROVAL OF MY LOAN IS A VALID STUB FROM A JOB THAT I CURRENTLY HOLD AND THE STUB HAS NOT BEEN ALTERED OR FORGED IN ANY WAY; OR (2) I WAS NOT REQUIRED TO SUBMIT A PAY STUB TO OBTAIN MY LOAN. |
| ☑ | **I HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND THERETO. I UNDERSTAND AND AGREE THAT MY EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.** |

THIS LOAN IS MADE PURSUANT TO THE CALIFORNIA FINANCE LENDER LAW. **FOR INFORMATION, CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA, LICENSE NO. 603-8780.**

### ELECTRONIC FUNDS AUTHORIZATION AND DISCLOSURE

I hereby authorize CashCall to withdraw my scheduled loan payment from my checking account on or about the FIRST day of each month. I further authorize CashCall to adjust this withdrawal to reflect any additional fees, charges or credits to my account. I understand that CashCall will notify me 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from my regular payment amount. I understand that this authorization and the services undertaken by CashCall in no way alters or lessens my obligations under the loan agreement. I

understand that I can cancel this authorization at any time (including prior to my first payment due date) by sending written notification to CashCall. Cancellations must be received at least seven days prior to the applicable due date.

| | |
|---|---|
| ☑ | **I UNDERSTAND CASHCALL'S PAYMENT COLLECTION POLICY AND AUTHORIZE ELECTRONIC DEBITS FROM MY BANK ACCOUNT.** |

Click here to print out a copy of this document for your records.

> Sign Document

**Loans made to residents of California, Idaho, New Mexico, and Utah will be underwritten and funded by CashCall. Loans made to residents of all other states (excluding Iowa, Massachusetts, Nevada, New Jersey, New York, West Virginia and Wisconsin) will be underwritten and funded by First Bank of Delaware (Member FDIC).**

  

© 2007 CashCall, Inc. All Rights Reserved.
CashCall, Inc. Privacy Policy, Disclosures, Terms Of Use

 **Powered by Cogility Software**

10/28/2007 9:59 AM

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. I am a resident of the State of California and am employed in the County of San Francisco. My business address is The Sturdevant Law Firm, 354 Pine Street, Fourth Floor, San Francisco, California 94104. On **October 10, 2008**, I served a true and correct copy of the document(s) described below on the parties and/or their attorney(s) of record to this action in the manner indicated:

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT, CONSUMER LEGAL REMEDIES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND UNFAIR COMPETITION LAW**

**[ XX ] U.S. MAIL:** I am employed in the county where the mailing occurred. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, such correspondence is deposited with the United States Postal Service in a sealed envelope or package that same day with first-class postage thereon fully prepaid. On the date indicated above, I placed the document(s) listed above in a sealed envelope or package with first-class postage thereon fully prepaid, and placed the envelope or package for collection and mailing today with the United States Postal Service at San Francisco, California addressed as set forth on the attached service list. The address(es) shown on the attached service list is (are) the same as shown on the envelope or package. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit. CCP §§ 1013(a)-(b), 1013a, FRCP § 5(b), FRAP §§ 5(c)-(d).

**[ XX ] ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept service by electronic transmission ("e-mail"), I transmitted by e-mail the document(s) listed above from this e-mail address, **kbecker@strudevantlaw.com**, to the e-mail address(es) set forth on the attached service list on this date. The document(s) listed above was (were) served electronically and the transmission was reported as complete and without error. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I, thereafter, mailed a copy to the same party(ies) by placing true copies of the document(s) in a sealed envelope or package with first-class postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth on the attached service list. The address(es) set forth on the attached service list is (are) the same as shown on the envelope or package. CCP § 1010.6(a)(6), CRC 2060, FRCP § 5(b), N.Dist. Civil L.R 5-5.

**FEDERAL** I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  28 U.S.C. § 1746.

Executed on **October 10, 2008**, at San Francisco, California.

_Kathy E. Be_
Kathy Becker

1

## SERVICE LIST

| ADDRESSEE(S) | PARTY(IES)REPRESENTED |
|---|---|
| BRAD W. SEILING (SBN 143515)<br>(bseiling@manatt.com)<br>MANATT, PHELPS & PHILLIPS, LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>Telephone:    (310) 312-4000<br>Facsimile:    (310) 312-4224 | Defendant CASHCALL, INC |