UNITED STATES DISTRICT COURT

Northern District of California

KRISTA O'DONOVAN, EDUARDO DE LA TORRE and LORI SAYSOURIVONG, individually and on behalf of all others similarly situated,

               Plaintiffs,

  v.

CASHCALL, INC., a California corporation,

               Defendant.

No. C 08-03174 MEJ

**ORDER RE: CLASS NOTICE/DEFINITIONS**

**[Docket Nos. 110, 113, 123 and 124]**

On November 15, 2011, the Court granted in part and denied in part Plaintiffs' motion for class certification. Dkt. No. 100. Since then, the parties have been meeting and conferring in an attempt to agree on specific class definitions as well as a class notice plan. While many issues have been resolved through this meet and confer process and the Court's previous order, several disputes remain and the parties have outlined these in the motions currently pending before the Court. Dkt. Nos. 110 and 113.[1] The Court addresses the pending issues in turn below.

Plaintiffs' current proposal is to provide notice to the following two classes:

(1) The "Loan Unconscionability Class": "All individuals who, while residing in California, borrowed from $2,500 to $2,600 at an interest rate of 90% or higher from CashCall, Inc. for personal, family or household use at any time from June 30, 2004 to the present."

(2) The "Conditioning Class": "All individuals who, while residing in California, borrowed money from CashCall, Inc. for personal, family, or household use at any time from June 30, 2004 to the present."

Dkt. No. 111 at 2. With respect to the Loan Unconscionability Class, Defendant only takes issue

---

[1] The Court issued a tentative ruling on these motions on April 23, 2012 and then held a hearing on April 26. Both parties have filed supplemental briefs with respect to the issues raised in the tentative ruling and at the hearing. Dkt. Nos. 123 and 124.

with the end date of the class definition. Rather than providing notice to individuals who obtained loans "from June 30, 2004 to the present," Defendant argues that the class should be limited to only those borrowers who obtained loans before July 11, 2011.[2] This is because, on July 11, Defendant — following the United States Supreme Court decision in *AT&T Mobility LLC v. Concepcion* — changed the terms of its promissory note to include a clause that mandates arbitration for any lawsuits outside of small claims court and prohibits borrowers from being members of class action lawsuits. According to Defendant, the "most efficient and expeditious procedure to address this issue is to exclude CashCall borrowers who signed the [new] arbitration agreement from the class definitions" at this stage of the proceedings. Dkt. No. 118 at 14.

Plaintiffs contend that the above argument "suffers from several flaws and raises a host of issues that far exceed the scope of providing notice to the certified class." Dkt. No. 117 at 11. Plaintiffs only cursorily address some of these issues and state that if the Court does intend to consider Defendant's argument, they should be entitled to conduct discovery and provide additional briefing on whether Defendant's arbitration clause is valid and enforceable. *Id.*

While the Court prefers not to delay class notice, it is concerned about the following situation. If borrowers who signed the post-July 11 promissory note receive the proposed notice and do not ask to be excluded, they will believe that they are part of this class action lawsuit and have given up their rights to individually sue Defendant. If the Court puts off its evaluation of the arbitration clause until a later date — as Plaintiffs propose — and then the clause is found to be valid, the post-July 11 borrowers would have to be notified that they are no longer members of the class. Besides the additional work and expenses this would require, it will also confuse potential class members about what is transpiring and the status of their legal rights.

At the April 26, 2012 hearing on the parties' motions, Plaintiffs agreed that the Court should rule on the arbitration clause issue before notice is given to the class. Both parties submitted further briefing on this question, which the Court has now reviewed. Dkt. Nos. 123 and 124. Plaintiffs'

---

[2] Defendant also contends that there should be a July 11, 2011 cutoff for the Conditioning Class.

2

1 supplemental brief provides that in the interest of moving this case forward, they will "not ask the
2 Court to allow the discovery and full-scale briefing required to determine whether CashCall's
3 arbitration clause is enforceable." Dkt. No. 123 at 6. Instead, Plaintiffs ask the Court to rule on only
4 one issue: whether Defendant's new arbitration clause can be enforced against potential class
5 members in the absence of any petition to compel arbitration having been filed by Defendant. *Id.* In
6 other words, Plaintiffs believe that Defendant — which may technically waive its right to pursue
7 arbitration under its arbitration agreement with borrowers — must first seek an order compelling
8 arbitration before the arbitration clause can be enforced, something that Defendant cannot do with
9 members of the proposed class because this Court does not yet have jurisdiction over them. *Id.* at 8-
10 9. Plaintiffs do not cite any authority to support this novel theory and argue that it is an issue of first
11 impression. *Id.* at 10.

12 While the Court would be willing to entertain arguments with respect to the actual
13 enforceability of Defendant's arbitration clause, the Court is not persuaded by the arguments from
14 Plaintiffs on this issue, particularly because it does not appear to be an issue of first impression. In
15 *Dienese v. McKenzie Check Advance of Wisconsin*, the court briefly addressed whether potential
16 class members who had signed the defendant's arbitration agreement should receive class notice.
17 2000 WL 34511333, at *8 (E.D. Wis. Dec. 11, 2000). The *Dienese* court ruled that "[i]n the absence
18 of any showing that the Arbitration Agreement is unenforceable or that plaintiffs' claims are not
19 amenable to arbitration, this court will not permit those who have signed the Agreement to
20 participate in the class." *Id.* This Court finds *Dienese* instructive. If Plaintiffs' position was
21 adopted, notice will be provided to all potential class members, who will subsequently become a part
22 of this class action if they do not ask to be excluded. Defendant will then be forced to file a motion
23 to compel arbitration with respect to post-July 11 class members — a motion that Plaintiffs have
24 chosen not to contest at this juncture even though they were given the opportunity to do so — and
25 the Court will consequently have to dismiss these class members from the class. Such a convoluted
26 process does not make sense from a procedural and class manageability perspective. Accordingly,
27 Defendant's motion is GRANTED on this issue, and both class definitions should be limited to
28

3

borrowers who did not sign Defendant's post-July 11, 2012 promissory note.

With respect to the Conditioning Class, Defendant argues the following: (1) the time period for the class definition should be limited to only those borrowers who obtained loans after March 13, 2006 because the claim stems from the federal Electronic Funds Transfer Act ("EFTA"), which has a statute of limitations of one year, and not California's Unfair Competition Law ("UCL"), which has a statute of limitations of four years; (2) if the four-year statute applies, then the relief that Plaintiffs seek — a refund of the nonsufficient funds fees they were charged — constitutes restitution rather than damages and is not available under the UCL, resulting in there being no basis to certify a class; and (3) under any circumstances, individual issues predominate the Conditioning Class and therefore the class cannot be certified.

The Court only needs to address Defendant's first argument because it finds, as explained below, that the EFTA's one-year statute of limitations applies to the Conditioning Class. The Court notes that some of Defendant's third argument with respect to individual issues predominating was considered last year when the Court decided to certify what the parties now refer to as the Conditioning Class. Dkt. No. 100. Defendant asked the Ninth Circuit for permission to appeal this decision, which was denied. Dkt. No. 108. While the Court retains the inherent power to review class certification decisions, Defendant has not persuaded the Court that any circumstances have changed that would warrant reconsideration at this time.

The Conditioning Class claim stems from the allegation that Defendant violated the EFTA by conditioning the extension of credit on a customer agreeing to electronic payment. This violation of a federal statute is also the predicate for Plaintiffs' UCL claim. Both parties agree that the EFTA has a one year statute of limitations while the UCL's is four years. The issue for the Court is whether Plaintiffs' claim is limited by the EFTA's statute of limitations or the UCL's longer limitations period may be invoked. Neither of the parties provide authority on this exact question and it appears to be an issue of first impression.

The Court follows the view adopted by other courts that have analyzed a similar issue and found that UCL claims predicated on other federal law should be governed by that federal law's

4

statute of limitations. In *Jordan v. Paul Financial, LLC*, the plaintiff brought UCL claims against the defendant that were predicated on violations of the federal Truth in Lending Act (TILA). 644 F.Supp.2d 1156, 1171 (N.D. Cal. 2009). TILA, like the EFTA, requires claimants to file a lawsuit within one year of any alleged violation.[3] *Id.* The *Jordan* Court held that because the plaintiff's "UCL claim is predicated on TILA violations, it may proceed only to the extent that the TILA violations are not time barred." *Id.* at 1172. Other courts have reached similar decisions. *See Adams v. SCME Mortg. Bankers Inc.*, 2009 U.S. Dist. LEXIS 46600, at *28 (E.D. Cal. May 22, 2009) (holding that if a TILA claim is time barred, a UCL claim based on TILA violations also fails because courts should not permit a plaintiff to "plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition"); *Newsom v. Countrywide Home Loans, Inc.*, 714 F.Supp.2d 1000, 1014 (N.D. Cal. 2010) (finding that it is improper for the plaintiffs to attempt to revive an otherwise time-barred TILA claim, which has a one year statute of limitations, under the guise of a fraud claim, which has a three year statute of limitations).

Plaintiffs urge the Court to not follow these cases for two principle reasons. First, they argue that the EFTA contains a safe harbor clause that allows states to provide greater protection to consumers than under the provisions in the EFTA. *See* U.S.C. § 1693q ("A State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection afforded by this subchapter."). This argument is misplaced. The issue here is not whether California has enacted its own version of the EFTA, but whether Plaintiffs may assert a UCL claim predicated on the EFTA and not be required to comply with the EFTA's statute of limitations. Second, Plaintiffs contend that the above TILA decisions are inapplicable because they have misinterpreted *Silvas v. E\*Trade Mortgage Corporation* and are consequently based on a flawed preemption analysis. 514 F.3d 1001, 1007 n. 3 (9th Cir. 2008). Plaintiffs again miss the mark with this argument. While both *Adams* and *Newsom* discussed *Silvas*, they both concluded on

---

[3] *See also Voeks v. Pilot Travel Centers*, 560 F.Supp.2d 718, 723 (E.D. Wisc. 2008) ("this Court concludes that the cases that hold the TILA to be a useful analogy in analyzing the EFTA are correct").

5

separate grounds that a federal statute's limitations period should apply when a state law cause of action is based on it. *See Newsom*, 714 F.Supp.2d at 1014 ("As set forth above, a state law claim premised on violations of TILA is preempted. *In addition*, Plaintiffs impermissibly are attempting to revive an otherwise time-barred TILA claim under the guise of a fraud claim.") (emphasis added).

In their supplemental brief, Plaintiffs point out for the first time that the California Supreme Court has expressly decided this issue by holding that the UCL's statute of limitations provision "admits no exceptions" and applies even if the predicate statute has a shorter limitations period. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 179 (2000). But *Cortez* — along with many of the other cases cited by Plaintiffs in their supplemental brief — is not analogous because it only holds that the UCL's longer limitations period applies when the UCL claim is based on violations of state law, which is not the question here since Plaintiffs' UCL claim is based on a federal statute that includes a preemption provision similar to TILA's. As this issue is explained in the California Practice Guide on UCL claims, "[n]otwithstanding *Cortez* and the rule that the longer (four-year) limitations period of Section 17208 applies when borrowing a violation of a statute carrying a shorter limitations period, the result may be different when the claim at issue is federal and the federal law supplies a shorter limitations period." Stern, *Cal. Prac. Guide: Bus. & Prof. Code § 17200 Practice*, ¶ 5:292.1 (The Rutter Group 2012). Thus, while this is an unsettled issue and authorities have been cited to support both views, the Court adheres to the approach taken by courts such as *Newsom* and finds that parties should not be able to predicate their UCL claim on a federal statute but then ignore that statute's limitations period under the circumstances presented here. Accordingly, the Court concludes that the EFTA's one year statute of limitations applies to Plaintiffs' claim. The definition for the Conditioning Class should therefore be limited to only those borrowers who obtained loans after March 13, 2006.[4]

Plaintiffs have also requested the Court to appoint their current counsel of record (James Sturdevant, principal of the Sturdevant Law Firm, Arthur Levy, principal of the Law Office of

---

[4] Both parties agree that the statute of limitations was tolled when Plaintiffs filed a class action complaint on these issues in state court on March 13, 2007.

6

Arthur D. Levy, and Whitney Stark, associate at Rukin, Hyland, Doria & Tindall) as class counsel. Defendants have not objected to this request and the Court finds that counsel of record meet the standards outlined for class counsel in FRCP 23(g). Accordingly, they are appointed as class counsel.

Lastly, on January 3, 2012, based on the parties' request, the Court vacated the deadline for the parties to complete mediation in this matter. Dkt. No. 102. The new deadline to complete mediation is now set for September 31, 2012.

The parties are ordered to meet and confer and submit, by July 18, 2012, an updated version of Plaintiff's motion for approval of class notice plan (Dkt. No. 110), including a proposed order, reflecting the Court's decisions in this opinion.

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____

Maria-Elena James
Chief United States Magistrate Judge

7