JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, California 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

ARTHUR D. LEVY (SBN 95659)
(arthur@yesquire.com)
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 702-4550
Facsimile: (415) 814-4080

RUKIN HYLAND DORIA & TINDALL LLP
Whitney Stark, Esq., SBN 234863
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
E-mail: whitneystark@rhdtlaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA O'DONOVAN, EDUARDO DE LA TORRE, and LORI SAYSOURIVONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASHCALL, INC., a California corporation, and DOE 1 through DOE 50, inclusive,<br><br>Defendants. | Case No.: CV 08-3174-MEJ<br><br>**CLASS ACTION**<br><br>**JOINT CASE STATUS UPDATE AND PLAINTIFFS' REQUEST FOR CASE MANAGEMENT CONFERENCE AND THE SCHEDULING OF DATES**<br><br>Courtroom: B – 15th Floor<br>Judge: Hon. Maria-Elena James<br><br>Complaint filed: July 1, 2008 |
| CASHCALL, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>LORI SAYSOURIVONG and EDUARDO DE LA TORRE, individually and on behalf of all others similarly situated,<br><br>Counterdefendants. | |

Per this Court's February 11, 2013 Order, the parties hereby submit this Joint Case Status Update. With this update, Plaintiffs request that this Court set a Case Management Conference to discuss the schedule in this case and discovery enforcement.

**1.     Status Update.**

In compliance with this Court's July 20, 2012 Order re: Class Notice Plan, by August 3, 2012 email notice was delivered to 120,870 class members and by October 3, 2012 postcard notice was mailed to 49,481 class member. Of the 170,351 class members, 26 opted-out.

<u>Plaintiffs' Views</u>:

Since last fall, plaintiffs have been pursuing merits discovery in anticipation of defendant's promised defense summary judgment motion and trial. Plaintiffs served document requests and interrogatories in September 2012. Plaintiffs believe that defendant's responses are still inadequate in numerous critical respects.

There has been a lengthy meet and confer process, during which defendant provided some additional information. However, plaintiffs intend to present the issues to the Court as soon as possible. In accordance with the Court's standing Orders, plaintiffs have been attempting to schedule an in-person meeting with defense counsel, who are in Los Angeles. A face-to-face discovery meeting has just been scheduled for March 15. Plaintiffs anticipate that this meeting will not resolve the issues and intent to promptly file a letter brief to compel discovery regarding the remaining outstanding issues.

In addition, plaintiffs plan to serve additional document discovery in light of the information that has recently been provided by defendant and based on further review and analysis of prior document productions. Additionally, plaintiffs will soon notice and take the depositions of several witnesses recently identified in defendant's interrogatory answers. However, they need to receive all responsive documents to the outstanding written discovery prior to conducting those depositions.

Plaintiffs submit that the following schedule is realistic, assuming responsiveness and cooperation from defendant in producing further documents, resolving further discovery disputes, and scheduling the depositions.

Plaintiffs' Proposed Dates:

| | | |
|---|---|---|
| 1 | Factual Discovery Cut-off | July 31, 2013[1] |
| 2 | Expert Disclosure | July 31, 2013 |
| 3 | Rebuttal Expert Disclosure | August 15, 2013 |
| 4 | Expert Discovery Cut-off | September 15, 2013 |
| 5 | Deadline to File Dispositive Motions | October 15, 2013 |
| 6 | Trial Date | December 16, 2013 |

Finally, Plaintiffs' respectfully request this Court schedule a Case Management Conference so that the Court may address the schedule and discovery enforcement.

<u>Defendants' Views</u>:

Defendant disagrees with Plaintiffs' proposed schedule. This case has been pending for nearly five years. Plaintiffs have had ample time to conduct discovery, and the remaining issues in the case are questions of law. Defendant intends to file two separate motions for summary judgment as to the two certified class claims. The EFTA class claim – which involves a question of statutory interpretation – likely will not require expert testimony. Defendant intends to file that summary judgment motion within the next thirty days. None of the outstanding discovery relates to the EFTA class claim.

The unconscionability claim may require expert testimony, and Defendant will not file that motion until after the parties have designated experts and exchanged reports. Defendant is prepared to designate experts and to exchange experts reports. Plaintiffs already have retained one expert witness who provided a declaration in connection with the class certification motion. So there is no reason why the expert exchange should be delayed by four months.

Plaintiffs devote most of their report to presenting a one-sided view of a supposed discovery dispute that is largely resolved. Much of the discovery that Plaintiffs served in September was duplicative of previous discovery requests. Plaintiffs characterize their most recent requests as "merits discovery", but they have been conducting merits discovery from the outset of this case, nearly five years ago. The Court never limited pre-certification discovery to "class issues", and Plaintiffs have

---

[1] In the event the parties have outstanding discovery disputes at this time, they shall have good cause to seek leave to extend factual discovery cut-off until those disputes are resolved.

CASE NO. C08-03174 MEJ                              -2-                           JOINT CASE STATUS UPDATE

1  conducted extensive discovery, including taking numerous depositions.

2      Defendant has responded to the most recent round of discovery requests and has supplemented
3  its response.  Defendant will be producing additional documents within the next two weeks, and the
4  matter will be resolved without court intervention.  Defendant does not believe that there will be any
5  reason for Plaintiffs to file a motion to compel.

6      It is also not clear what witnesses Plaintiffs claim were recently identified in Defendant's
7  interrogatory responses. .  Any witnesses referred to in the recent discovery responses should have been
8  known to Plaintiffs prior to filing their class certification motion based on prior discovery.  In addition,
9  Plaintiffs have had the responses to these interrogatories for months and have not mentioned their desire
10 to depose any additional witness.  In addition, Plaintiffs already have deposed numerous corporate
11 designees on a variety of topics that relate to the merits of their remaining claims.

12     Defendant proposes the following schedule:

13     Factual Discovery Cut-off    April 30, 2013
14     Expert Disclosure    April 30, 2013
15     Rebuttal Expert Disclosure    May 15, 2013
16     Expert Discovery Cut-off    June 15, 2013
17     Deadline to File Dispositive Motions    July 15, 2013

18     Defendant agrees that the Court should defer setting the case for trial until after the rulings on
19 both summary judgment motions.  Defendant also reserves the right to file summary judgment motions
20 prior to any deadline established by the Court.  As discussed above, Defendant anticipates filing its
21 summary judgment motion as to the EFTA claim within the next thirty days.

22 DATED:  March 4, 2013    THE STURDEVANT LAW FIRM
23     A Professional Corporation
24     ARTHUR D. LEVY
25     LAW OFFICES OF DAMON M. CONNOLLY
26     RUKIN, HYLAND, DORIA & TINDALL
27     By:    /s/ *Whitney Stark*
28     Whitney Stark

Attorneys for Plaintiffs

DATED:  March 4, 2013                    MANATT, PHELPS & PHILLIPS, LLP

                                         By:    /s/ *Brad W. Seiling*
                                                Brad W. Seiling
                                                Attorneys for Defendant

**Plaintiffs' Additional Counsel:**

DAMON M. CONNOLLY (SBN 139779)
790 Mission Avenue
San Rafael, CA 94901
Tel. (415) 485-2200
Fax (415) 457-1421
damon@damonconnollylaw.com

### **ATTESTATION UNDER GENERAL ORDER 45**

I, Whitney Stark, am the ECF User whose ID and password are being used to file the within document:

**JOINT CASE STATUS UPDATE**
Pursuant to General Order 45, I hereby attest that Brad W. Seiling has concurred in this filing and that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

                                         By:    /s/ *Whitney Stark*
                                                WHITNEY STARK