JAMES C. STURDEVANT, SBN 94551
Email: jsturdevant@sturdevantlaw.com
THE STURDEVANT LAW FIRM
354 Pine Street, Fourth Floor
San Francisco, California 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

ARTHUR D. LEVY, SBN 95659
Email: arthur@yesquire.com
445 Bush Street, 6th Floor
San Francisco, California 94108
Telephone: (415) 702-4550
Facsimile: (415) 814-4080

Whitney Stark, SBN 234863
E-mail: whitneystark@tmdwlaw.com
936 N. 34th Street, Suite 400
TERRELL MARSHALL DAUDT & WILLIE PLLC
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA O'DONOVAN, EDUARDO DE LA TORRE and LORI SAYSOURIVONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASHCALL, INC., a California corporation, and DOES 1 through DOE 50, inclusive,<br><br>Defendants. | Case No. C 08-03174 MEJ<br><br>STIPULATION AND [PROPOSED] ORDER REGARDING SUPPLEMENTAL CLASS NOTICE |

1

STIPULATION AND ORDER REGARDING SUPPLEMENTAL CLASS NOTICE

CASHCALL, INC., a California corporation,

    Counterclaimant,

  vs.

LORI SAYSOURIVONG and EDUARDO DE LA TORRE,

    Counterdefendants.

  Plaintiffs and Counterdefendants Eduardo de la Torre and Lori Saysourivong ("Plaintiffs") and Defendant and Counterclaimant CashCall, Inc. ("Defendant"), through their respective counsel of record, stipulate as follows:

  WHEREAS on February 25, 2010, Plaintiffs Krista O'Donovan, Eduardo de la Torre and Lori Saysourivong ("Plaintiffs") filed the operative Fourth Amended Complaint ("FAC") against Defendant CashCall Inc. ("Defendant").  The FAC included a claim that Defendant violated Section 1693k(1) of the Electronic Funds Transfer Act ("EFTA"), which states that "no person may condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic funds transfers."  15 U.S.C. § 1693k(1).  The FAC also alleged that CashCall violated Business & Professions Code section 17200 based on its alleged violation of the EFTA.  These allegations are hereinafter referred to as "the EFTA Claim."

  WHEREAS on November 15, 2011, the Court issued an Order granting in part, and denying in part, Plaintiffs' Motion for Class Certification ("Order").

  WHEREAS on July 2, 2012, the Court defined the EFTA Claim class as "all individuals who, while residing in California, borrowed money from CashCall, Inc. for personal, family, or household use on or after March 13, 2006 through July 10, 2011 and were charged an NSF Fee."

  WHEREAS on July 20, 2012, the Court issued an order approving Plaintiffs' Revised Class Notice Plan.

  WHEREAS on or around August 1, 2012, Defendant provided a third party administrator the class lists for the unconscionability and EFTA classes, and notice was subsequently provided to the class.

1    WHEREAS on or around May 1, 2013, Defendant discovered that 13,511 members of the
2    EFTA Class did not receive the class notice because they were not on either of the lists that
3    CashCall provided to the administrator.  The EFTA class list provided to the administrator
4    included borrowers who were charged an NSF but did not pay the fee, but did not include
5    borrowers who were charged and paid an NSF fee.

6    WHEREAS on or around May 1, 2013, Defendant also discovered that an additional 30
7    individuals were incorrectly excluded from the class lists.  These individuals lived outside of
8    California when they applied for their loans with CashCall, but moved to California before heir
9    loans funded.  Because these individuals were "residing in California" at the time the loans
10   funded, each should have been included on the class list.

11   WHEREAS on or around May 9, 2013, Defendant advised counsel for Plaintiffs of these
12   errors and asked them to agree to the instant Stipulation such that supplemental notice could be
13   issued without delay.

14    NOW, THEREFORE, Plaintiffs and Defendant, through their respective counsel of
15   record, stipulate, that the 13,541 class members who did not receive the class notice should
16   receive it as soon as possible.  Defendant will provide the administrator with the list of class
17   members to receive the supplemental notice within seven days of the date of the Court's order
18   approving this stipulation.  The administrator will send the supplemental notice in the form
19   previously provided to the classes, except that the supplemental notice will provide that class
20   members have 45 days from the date the notice is mailed to opt out of the class.  The parties will
21   split the cost of the supplemental notice, and the cost of notice will be an element of costs
22   recoverable by the prevailing party.

23    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 9, 2013                                      /s/ Whitney Stark
                                                         Whitney Stark
                                                         *Attorneys for Plaintiffs and Counterdefendants*
                                                         Krista O'Donovan, Eduardo de la Torre and Lori
                                                         Saysrourivong


Dated: July 9, 2013                                      /s/ Brad W. Seiling
                                                         Brad W. Seiling
                                                         *Attorneys for Defendant and Counterclaimant*
                                                         CashCall, Inc.


     Having read the Parties' stipulation, the Court adopts its reasoning as the Court's own and orders that supplemental notice should be issued.  Defendant will provide the administrator with the list of class members to receive the supplemental notice within seven days of the date of the Court's order approving this stipulation.  The administrator will send the supplemental notice in the form previously provided to the classes, except that the supplemental notice will provide that class members have 45 days from the date the notice is mailed to opt out of the class.

     IT IS SO ORDERED.

Dated: July 10, 2013                                     _____
                                                         Maria-Elena James
                                                         Chief United States Magistrate Judge


*Filer's Attestation:  Pursuant to General Order No. 45, Section X(B) regarding signatures, Brad Seiling hereby attests that concurrence in the filing of this document has been obtained.*