UNITED STATES DISTRICT COURT

Northern District of California

KRISTA O'DONOVAN, *et al.*,

Plaintiffs,

v.

CASHCALL INC.,

Defendant.

_______________________________________/

No. C 08-03174 MEJ

**DISCOVERY ORDER RE JULY 26, 2013 JOINT LETTER**

On July 26, 2013, the parties in this matter filed a joint letter regarding Defendant's responses to Plaintiffs' Request for Production of Documents, Set 5, Request Nos. 1 and 2. Jnt. Ltr., Dkt. No. 150.

Request No 1 seeks, "the complete loan documentation for all loans, lines of credit, and/or credit facilities of any kind providing loan funds of any other kind of credit to CashCall during the unconscionability class period." *Id*. at 3.

Request No. 2 seeks, "all program descriptions, product descriptions, business plans, marketing plans, prospectuses, reports, studies, and any other description of CashCall's consumer lending programs or products that CashCall provided to any lender who provided any loan, line of credit, and/or credit facility of any kind to CashCall during the unconscionability class period." *Id*.

Plaintiffs contend that CashCall has failed to produce all documents responsive to Request No. 1 and has completely failed to produced documents responsive to Request No. 2. Specifically, Plaintiffs assert that they have not received the following documents:

1. All pro forma documents CashCall provided to prospective third-party lenders, such as Profit & Loss Statements;
2. All correspondence to/from third-party lenders;
3. All documents evidencing the profitability of the loans being sought;

UNITED STATES DISTRICT COURT
For the Northern District of California

4. All documents concerning interest charged to CashCall;

5. All profitability or other financial analysis of CashCall done by third-party lenders.

*Id.* at 2.

CashCall, however, maintains that, "[i]n response to [Plaintiffs'] requests, CashCall has produced the loan documentation for every loan it obtained during the unconscionability class period." *Id*. at 4. It asserts that "[t]hese documents provide all the terms of the loans, including the various interest rates that the lenders charged CashCall." *Id*. Defendant also asserts that it has produced documents that it prepared and provided to the lenders, including pitch books describing CashCall's business and financial condition and profitability models. *Id*. CashCall further states that following the deposition of its CFO, Delber Meeks, it produced 2,050 additional pages of responsive documents and then voluntarily produced Mr. Meeks for a second day of deposition on July 8. *Id*. Thus, CashCall argues that "all outstanding disputes relating to Request Nos. 1 and 2 were resolved by July 8, and Plaintiffs never contacted CashCall thereafter to discuss this purported dispute or to meet and confer about filing the instant motion." *Id*.

According to CashCall, "Plaintiffs' real goal is to compel the production of documents that they did not even request in Request Nos. 1 and 2." *Id*. Specifically, it asserts that of the five categories of documents Plaintiffs asserts have not been produced, category nos. 1 and 4 fit into Request Nos.1 and 2, in response to which CashCall produced thousands of documents. *Id*. at 4. As to category nos. 2, 3, and 5, it argues that the documents sought are outside the scope of Plaintiffs' two requests. *Id*. 5. Instead, CashCall argues that Plaintiff has sought such documents through document requests from third-party lenders. *Id*.

The Court has considered the parties' positions and rules as follows. As to category nos. 1 and 4 described above, the Court agrees with CashCall that such documents fall within the scope of Request Nos. 1 and 2. CashCall has represented that it has produced all documents responsive to these requests. Accordingly, within 5 days of this Order, counsel for CashCall shall file a declaration, stating under oath, that CashCall has identified and produced: (1) all pro forma documents it provided to prospective third party lenders (including Profit & Loss Statements); and

UNITED STATES DISTRICT COURT
For the Northern District of California

(2) all documents concerning interest charged to CashCall. As to category nos 2, 3, and 5, the Court agrees with CashCall that Plaintiffs have failed to demonstrate how those documents fall within their Request Nos. 1 or 2 or why Plaintiffs believe CashCall, rather than the third-party lenders, possess those documents. Accordingly, there is no basis to compel further production of documents at this time. The Court therefore **DENIES** Plaintiffs' request to compel production of documents relating to its Request for Production of Documents, Set 5, Request Nos. 1 and 2.

**IT IS SO ORDERED.**

Dated: August 13, 2013

Maria-Elena James
United States Magistrate Judge