| | |
|---|---|
| 1 | BRAD W. SEILING (Bar No. CA 143515) |
| 2 | DONALD R. BROWN (Bar No. CA 1156548)<br>NOEL S. COHEN (Bar No. CA 219645) |
| 3 | MANATT, PHELPS & PHILLIPS, LLP<br>11355 West Olympic Boulevard |
| 4 | Los Angeles, CA  90064-1614<br>Telephone:    (310) 312-4000 |
| 5 | Facsimile:     (310) 312-4224<br>E-mail: bseiling@manatt.com; dbrown@manatt.com; |
| 6 | ncohen@manatt.com |
| 7 | *Attorneys for Defendant*<br>CashCall, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA O'DONOVAN and EDUARDO DE LA TORRE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASHCALL, INC., a California corporation, and DOES 1 through DOE 50, inclusive,<br><br>Defendants. | Case No.  C 08-03174 MEJ<br><br>**DECLARATION OF ETHAN POST IN SUPPORT OF CASHCALL, INC.'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT ON CONDITIONING CLAIM**<br><br>[Filed Concurrently With:<br>(1) Opposition to Partial Motion for Summary Judgment;<br>(2) Controverting Statement of Facts;<br>(3) Declaration of Hilary Holland;<br>(4) Request for Judicial Notice; and<br>(5) Notice of Lodging.]<br><br>Date:     November 21, 2013<br>Time:     10:00 a.m.<br>Judge:    Hon. Maria-Elena James |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF ETHAN POST IN SUPPORT OF CASHCALL'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT ON CONDITIONING CLAIM

## DECLARATION OF ETHAN POST

I, Ethan Post, declare and state as follows:

1. I am currently Principal Architect for CashCall, Inc. ("CashCall") and have been employed by CashCall since October 2003. In my role as Principal Architect, I am responsible for the design of company software and am one of the individuals responsible for the configuration and content on CashCall's website. I have personal, first-hand knowledge of the matters stated herein, and, if called upon to do so, I could and would competently testify thereto.

2. I understand that the Court has certified a class in this case consisting of "all individuals who, while residing in California, borrowed money from CashCall, Inc. for personal, family or household use on or after March 13, 2006 through July 10, 2011 and were charged NSF fees" (the "Conditioning Class"). I will refer to the period of March 13, 2006 and July 10, 2011 as the "Conditioning Class Period."

3. As part of the loan application process, consumers must review and sign a Promissory Note and Disclosure Statement. During the Conditioning Class Period, CashCall's promissory notes included an Electronic Fund Authorization and Disclosure ("EFT Authorization") which stated:

> I hereby authorize CashCall to withdraw my scheduled loan payment from my checking account on or about the FIRST day of each month. I further authorize CashCall to adjust this withdrawal to reflect any additional fees, charges or credits to my account. I understand that CashCall will notify me 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from my regular payment amount. I understand that this authorization and the services undertaken by CashCall in no way alters or lessens my obligations under the loan agreement. I understand that I can cancel this authorization at any time (including prior to my first payment due date) by sending written notification to CashCall. Cancellations must be received at least

1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF ETHAN POST IN SUPPORT OF CASHCALL'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT ON CONDITIONING CLAIM

seven days prior to the applicable due date.

4. As noted above, borrowers had the right to cancel the EFT Authorization at any time, including prior to the first payment, and make any or all of their loan payments by other means. In fact, of the 96,583 members of the Conditioning Class, 15,506 (approximately 16%) canceled their EFT authorization at some point and chose other methods of payment.

5. A total of 309 members of the Conditioning Class canceled their EFT Authorization prior to their first payment. This number is higher than the number set forth in an interrogatory response that I previously verified because after that response, CashCall discovered that there were additional members of the Conditioning Class (and I am informed and believe that supplemental notice was provided to these members per Court Order).

6. A total of 510 members of the Conditioning Class canceled their EFT Authorization between their first and second payment.

7. A total of 43,670 members of the Conditioning Class changed their EFT payment date (the day of the month) at least once during the life of the loan.

8. CashCall treated all forms of payment equally. CashCall does not provide a borrower with an incentive to utilize EFT, and there is no penalty to cancel the EFT Authorization. In addition to EFTs, borrowers made loan payments by personal check, certified check, phone, MoneyGram, money order, and in-person payment at CashCall's corporate office.

9. On November 9, 2011, CashCall modified its procedures to give borrowers to the option to opt-in/out of EFT authorization (automatic payments) on their loan application, and if opted-out on the loan application, give them an opportunity to opt-in on the promissory note. Since that time, borrowers have continued to select EFT's as their payment method more than 98% of the time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 30, 2013, at Orange, CA.

Ethan Post

202236422.1

2

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF ETHAN POST IN SUPPORT OF CASHCALL'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT ON CONDITIONING CLAIM