UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO DE LA TORRE, et al.,

          Plaintiffs,

     v.

CASHCALL, INC.,

          Defendant.

Case No.  08-cv-03174-MEJ

**ORDER RE: MOTION FOR RECONSIDERATION**

Re: Dkt. No. 234

## I.  INTRODUCTION

Pending before the Court is Defendant CashCall, Inc.'s ("CashCall") Motion for Reconsideration pursuant to Civil Local Rule 7-9.  Dkt. No. 234.  Plaintiffs have filed an Opposition (Dkt. No. 235) and Defendant has filed a Reply (Dkt. No. 238).  The Court finds this matter suitable for disposition without oral argument and VACATES the October 30, 2014 hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the reasons set forth below.

## II.  BACKGROUND

On July 1, 2008, Plaintiffs initiated this class action lawsuit against CashCall, alleging violations of California's consumer protection laws.[1]  Dkt. No. 1.  On November 1, 2011, the Court granted class certification in this matter.  On July 30, 2014, the Court ruled on: (1) CashCall's motion for partial summary judgment as to Plaintiffs' First and Fifth Causes of Action; (2) Plaintiffs' motion for summary judgment as to two of their claims; and (3) CashCall's motion for summary judgment as to Plaintiffs' Fourth Cause of Action alleging violation of California's Unfair Competition Law ("UCL") based on unconscionable loan terms (the "Unconscionability Claim").  Dkt. No. 220.  The Court denied both of CashCall's motions, and granted Plaintiffs' motion.  *Id.*

---

[1] Because the Court's ruling on the parties' summary judgment motions sets forth a detailed factual background, the Court will not repeat it here.  *See* Dkt. No. 220 at 2-10.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On August 08, 2014, CashCall filed a motion for leave to file a motion for reconsideration

2 as to the Court's denial of its motion for summary judgment on the Unconscionability Claim.  Dkt.

3 No. 222.  CashCall argued that reconsideration was appropriate due to a failure to consider

4 dispositive legal arguments.  Specifically CashCall contended that the Court failed to address the

5 threshold question of whether Plaintiffs could assert an unconscionability claim under the UCL at

6 all.  *Id.*  On August 20, 2014, the Court ruled on CashCall's motion, granting leave to file.  Dkt.

7 No. 223.

8    **III.  LEGAL STANDARD**

9    A district court has inherent jurisdiction to modify, alter, or revoke a prior order.  *United*

10 *States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  "Reconsideration [of a prior order] is

11 appropriate if the district court (1) is presented with newly discovered evidence, (2) committed

12 clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

13 controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

14 Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used

15 sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*,

16 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*

17 *& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted,

18 absent highly unusual circumstances . . . .") (internal citation and quotation omitted).  A motion

19 for reconsideration "'may not be used to relitigate old matters, or to raise arguments or present

20 evidence that could have been raised prior'" in the litigation.  *Exxon Shipping Co. v. Baker*, 554

21 U.S. 471, 485 n.5 (2008); *see also Marlyn Nutraceuticals*, 571 F.3d at 880 ("A motion for

22 reconsideration may not be used to raise arguments or present evidence for the first time when

23 they could reasonably have been raised earlier in the litigation.") (internal citation and quotation

24 omitted).

25    In the Northern District of California, no motion for reconsideration may be brought

26 without leave of court.  Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the moving party must

27 specifically show: (1) that at the time of the motion for leave, a material difference in fact or law

28 exists from that which was presented to the court before entry of the interlocutory order for which

1   the reconsideration is sought, and that in the exercise of reasonable diligence the party applying

2   for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

3   emergence of new material facts or a change of law occurring after the time of such order; or (3) a

4   manifest failure by the court to consider material facts which were presented to the court before

5   such interlocutory order.  Civil L.R. 7-9(b).

6                                      **IV.  DISCUSSION**

7          CashCall argues that the Court should reconsider its prior Order denying summary

8   judgment as to the Unconscionability Claim due to the Court's failure to consider dispositive legal

9   arguments when ruling on the summary judgment motion.  Mot. at 3.  CashCall contends that the

10  UCL cannot be used as a basis for Plaintiffs' Unconscionability Claim because ruling on that

11  claim would impermissibly require the Court to regulate economic policy.  *Id.* at 1.  Having

12  carefully reviewed the papers submitted, the Court agrees that this threshold question should have

13  been addressed prior to assessing the merits of Plaintiffs' Unconscionability Claim.

14         Plaintiffs' Unconscionability Claim alleges that CashCall violated the UCL by making

15  loans on unconscionable terms.  Am. Compl. ¶¶ 68-89.  Plaintiffs allege that CashCall's loans

16  were unconscionable, in violation of California Financial Code section 22302, and California Civil

17  Code section 1670.5.[2]  *Id.* ¶¶ 84-85.  Through the Unconscionability Claim, Plaintiffs seek to

18  enjoin CashCall from the practice of making unconscionable loans, and to obtain restitution.  *Id.*

19  ¶ 89.

20         California Civil Code section 1670.5 codifies the unconscionability doctrine and "provides

21  that a court may refuse to enforce an unconscionable contract."  *Koehl v. Verio, Inc.*, 142 Cal.

22  App. 4th 1313, 1338 (2006) (citation and internal quotation marks omitted).  However, "that

23  statute does not in itself create an affirmative cause of action," *id.*, rather, it "codifies the defense

24  of unconscionability," *California Grocers Ass'n v. Bank of Am.*, 22 Cal. App. 4th 205, 217 (1994);

25

26  _____

27  [2] Plaintiffs assert that the Unconscionability Claim is predicated upon a violation of Civil Code
    section 1670.5.  Opp'n at 7.  Plaintiffs rely upon Financial Code section 22302 only because it
    "confirms that it is unlawful to make a loan that is unconscionable pursuant to Civil Code section
28  1670.5."  *Id.* at 3.  Thus, the Court's analysis will focus on the interaction of the UCL with Civil
    Code section 1670.5.

1    *see also Nava v. VirtualBank*, 2008 WL 2873406, at *10 (E.D. Cal. July 16, 2008) (noting that

2    section 1670.5 merely codifies the defense of unconscionability, and holding that "plaintiff's

3    allegation that defendants breached the Note because the Note was unconscionable does not create

4    a recognized claim under California law").

5         Claims under the UCL provide limited remedies; plaintiffs may only seek injunctive relief

6    and restitution.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1147, 1152 (2003).

7    "[I]n the context of the UCL, 'restitution' is limited to the return of property or funds in which the

8    plaintiff has an ownership interest (or is claiming through someone with an ownership interest)."

9    *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 453 (2005).  If a party cannot state a viable

10   claim for restitution or injunctive relief, then that party's UCL claim is likewise not viable.  *Id.* at

11   467 (stating, in the context of affirming demurrers, that "[s]ince plaintiff failed to present a viable

12   claim for restitution or injunctive relief . . . plaintiff's complaint failed to state a viable UCL

13   claim").  In other words, if a party is not entitled to the remedies it seeks, then its underlying claim

14   must fail.

15        Only one California court has ever found a challenged interest rate unconscionable.  *See*

16   *Carboni v. Arrospide*, 2 Cal. App. 4th 76 (1991).  In *Carboni*, the defendant had signed a $4,000

17   note in favor of the plaintiff, at a 200% interest rate, secured by a deed of trust.  *Id.* at 80.  When

18   the defendant failed to make payments, the plaintiff filed a complaint for judicial foreclosure.  *Id.*

19   The defendant asserted unconscionability as a defense to the enforcement of the note with its

20   200% interest rate.  The trial court found that the 200% interest rate was unconscionable, and

21   permitted interest on the principal sum at a rate of 24% per annum, up to that date.  *Id.*  The court

22   of appeal affirmed.  *Id.* at 87.  Thus, *Carboni* presented the classic situation in which a party

23   asserted unconscionability as a defense to the enforcement of a contract and the court was

24   therefore able to fashion a remedy avoiding the unconscionable provision.

25        More commonly, California courts have held that the judicial alteration of interest rates

26   constitutes impermissible economic policy-making.  *See, e.g.*, *California Grocers*, 22 Cal. App.

27   4th at 217.  In *California Grocers*, the trial court had found that a bank's check-processing fee was

28   unconscionable and issued an injunction that prospectively slashed that fee nearly in half for a

United States District Court
Northern District of California

4

1    period of ten years.  *Id.*  The court of appeal held that such an injunction was "an inappropriate

2    exercise of judicial authority."  *Id.*  The court first noted that unconscionability is traditionally

3    only available as a defense, and not an affirmative cause of action.  *Id.*  Although the court did not

4    decide whether unconscionability could be used affirmatively under the UCL, the court noted that

5    the legislature could have – but did not – expressly authorize its affirmative use in the UCL, in

6    contrast to other consumer protection statutes.  *Id.*

7        The appellate court then held that judicial oversight of bank fees was not the proper

8    method of ensuring that such fees were reasonable.  *Id.* at 218.  The court noted that the case

9    squarely implicated economic policy – that is, whether the bank's fees were too high – and stated

10   that "[i]t is primarily a legislative and not a judicial function to determine economic policy."  *Id.*

11   (citation and internal quotation marks omitted).  Thus, the court of appeal reversed the trial court's

12   grant of the injunction.  *Id.* at 221.

13       The holding in *California Grocers* is consistent with the general principle that courts

14   should not intrude in matters of economic policy.  As the California Supreme Court has stated: "If

15   the Legislature has permitted certain conduct or considered a situation and concluded no action

16   should lie, courts may not override that determination."  *Cel-Tech Commc'ns v. Los Angeles*

17   *Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).  California courts have repeatedly held that courts

18   should not intrude upon matters that are properly the province of the legislative branch.  *See, e.g.*,

19   *Harris v. Capital Growth Inv.*, 52 Cal. 3d 1142, 1166 (1991) (stating that judicial interference in

20   economic policy matters would lead to myriad trials "with no prospect of certainty or stability in

21   the respective rights and duties of the parties"); *Lazzareschi Inc. Co. v. San Francisco Fed. Sav. &*

22   *Loan Ass'n*, 22 Cal. App. 3d 303, 311 (1971) (stating that "institutions which lend vast sums of

23   money should be informed, not by judgments after the fact on a case-by-case basis, but by laws or

24   regulations which are in existence in advance of the undertaking to execute loans").

25       With these guiding principles in mind, the Court finds that Plaintiffs' Unconscionability

26   Claim fails as a matter of law.  Even if Plaintiffs were able to prove that the challenged loans were

27   unconscionable, the Court could provide no remedy without impermissibly intruding upon the

28   legislature's province.  The Court could not fashion a restitution award without deciding the point

United States District Court
Northern District of California

at which CashCall's interest rates crossed the line into unconscionability.  The California

Legislature long ago made the policy decision not to cap interest rates on loans exceeding $2,500.

It is not the function of this Court to second-guess that decision and provide an interest rate cap

where the legislative branch expressly chose not to.  *See Cel-Tech Commc'ns*, 20 Cal. 4th at 182.

The only other possible remedy under the UCL – an injunction – suffers from the same flaw.  The

Court would need to decide what interest rate is permissible, where the Legislature expressly

determined that this matter is better left to market forces.  A less detailed injunction, for example,

enjoining CashCall from charging unconscionable interest rates, would be impermissibly vague.

*See McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) ("A district court abuses its

discretion by issuing an overbroad injunction.") (citation and internal quotation marks omitted).

Because the Court cannot provide a remedy without overstepping the bounds of judicial authority,

Plaintiffs' Unconscionability Claim is not viable as a matter of law.

Plaintiffs concede that the Court lacks the power to set after-the-fact interest rates, but

argue that the Court need not do so to award restitution.  Opp'n at 12-17.  Plaintiffs contend that

the Court can simply consider equitable factors and award the amount of restitution it deems fair,

even up to returning to Plaintiffs the entire interest paid.  *Id.* at 14.  However, any consideration of

what a "fair" result would be in this case would require the Court to decide what it believes the

appropriate interest rate would have been, even down to no interest at all.  As set forth above, this

decision is better left to the legislative branch.

The Court finds that Plaintiffs' Unconscionability Claim is not viable as a matter of law,

and therefore GRANTS CashCall's Motion for Reconsideration.

## V.  CONCLUSION

Based on the analysis above, the Court GRANTS the Motion for Reconsideration.

CashCall's Motion for Summary Judgment as to Plaintiffs' Fourth Cause of Action is GRANTED.

**IT IS SO ORDERED.**

Dated: October 21, 2014

_____

MARIA-ELENA JAMES
United States Magistrate Judge