UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO DE LA TORRE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CASHCALL, INC.,<br><br>    Defendant. | Case No. 08-cv-03174-MEJ<br><br>**ORDER RE: PLAINTIFFS' MOTION TO DIRECT ENTRY OF FINAL JUDGMENT UNDER RULE 54(B) ON THE LOAN UNCONSCIONABILITY CLAIM**<br><br>Re: Dkt. No. 240 |

On October 21, 2014, the Court granted Defendant CashCall, Inc. summary judgment on count four of Plaintiffs' complaint, the "Loan Unconscionability Claim." Dkt. No. 239. Now pending before the Court is Plaintiffs' motion to direct entry of final judgment on that claim pursuant to Federal Rule of Civil Procedure ("Rule") 54(b) so that Plaintiffs may appeal. Dkt. No. 240 ("Mot."). CashCall opposes Plaintiffs' motion. Dkt. No. 241 ("Opp'n"). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court GRANTS Plaintiffs' motion for the reasons set forth below.

**I.   BACKGROUND**

Plaintiffs filed this class action over six years ago on July 1, 2008. Dkt. No. 1. During its pendency, the Court has certified two separate classes based on two separate claims. The first claim—the "Loan Unconscionability Claim"—is based on allegations that CashCall violated California's Unfair Competition Law ("UCL") by making unconscionable loans to Class Members at annual interest rates exceeding 90%, in violation of California Civil Code section 1670.5. Dkt. Nos. 54 at 13-17; 220 at 4-9. Plaintiffs assert this claim on behalf of the "Loan Unconscionability Class," which is defined as:

>     All individuals who, while residing in California, borrowed from

> $2,500 to $2,600 at an interest rate of 90% or higher from CashCall, Inc., for personal, family, or household use at any time from June 30, 2004, to July 10, 2011.

Dkt. No. 127 at 1. There are approximately 135,000 members of the Loan Unconscionability Class. Dkt. No. 171 at 2.

The second claim is the "Conditioning Claim" based on CashCall's practice of conditioning its extension of credit to Class Members on agreement to preauthorized electronic fund transfers in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., and then charging Class Members insufficient funds fees ("NSF fees") when Class Members' banks rejected CashCall's requests for electronic fund transfers. Dkt. No. 220 at 2-4. The "Conditioning Class" consists of:

> All individuals who, while residing in California, borrowed money from CashCall, Inc. for personal, family, or household use on or after March 13, 2006 through July 10, 2011 and were charged a NSF Fee.

Dkt. No. 127 at 1. The Conditioning Class comprises 96,583 Class Members. Dkt. No. 162 at 1.

CashCall has also asserted counterclaims for breach of contract by Class Representatives Lori Kempley and Eduardo De la Torre, seeking to recover unpaid balances on their $2,600 and $2,525 CashCall loans. Dkt. No. 57 at 17. The Class Representatives have raised unconscionability as a defense to these individual counterclaims. Dkt. No. 58 at 2.

On October 17, 2013, CashCall filed motions for summary judgment on the Loan Unconscionability Claim and the Conditioning Claims, and Plaintiffs filed a cross-motion for partial summary judgment on CashCall's liability on the Conditioning Claims. Dkt. Nos. 159-177. On July 30, 2014, the Court (1) denied CashCall's Motion for Summary Judgment as to liability and actual damages on the Conditioning Claims and granted Plaintiffs' Motion for Partial Summary Judgment as to CashCall's liability on the Conditioning Claims; and (2) denied CashCall's Motion for Summary Judgment on the Loan Unconscionability Claim. Dkt. No. 220.

CashCall then requested and received leave to file a Motion for Reconsideration of the Court's denial of its motion on the Loan Unconscionability Claim, on the ground that the Court's July 30 Order had not addressed CashCall's argument that Plaintiffs' Unconscionability Claim

2

sought a remedy that would require the Court to impermissibly regulate economic policy. Dkt. Nos. 222 at 2; 223. On October 21, 2014, the Court granted CashCall's Motion for Reconsideration and its Motion for Summary Judgment on the Loan Unconscionability Claim. Dkt. No. 239 (the "October 21 Order"). The October 21 Order held that, as a matter of law, the Court could not provide a remedy under the UCL with respect to Plaintiffs' Loan Unconscionability Claim without overstepping the bounds of judicial authority into the province of the California Legislature. *Id.* at 5-6.

This case is set for trial beginning on May 11, 2015. The issues to be decided are (1) damages and restitution for the Conditioning Claim and (2) CashCall's counterclaims against the Class Representatives. Plaintiffs now seek an order from the Court directing entry of final judgment on the Loan Unconscionability Claim so that they may appeal. The Court held a hearing on the motion on December 18, 2014. Dkt. No. 245.

## II. LEGAL STANDARD

In general, the Court of Appeals reviews only final orders and decisions of a district court. *See* 28 U.S.C. § 1295(a)(1). Rule 54(b) provides an exception, allowing district courts to certify a partial final judgment for the purpose of appeal by directing entry of final judgment as to one or more, but fewer than all, of the claims if the there is an express determination that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b). "Without a Rule 54(b) certification, orders granting partial summary judgment are non-final." *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981).

The Supreme Court has established a two-step process for district courts to determine whether certification of a claim in a multiple claims action under Rule 54(b) is warranted. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the judgment must be final with respect to one or more claims. *See id.* A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Second, "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. This is a discretionary judgment where courts "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims

already determined was such that no appellate court would have to decide the same issues more than once." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992) (citing *Curtiss-Wright*, 446 U.S. at 8). In addition to administrative interests, courts consider the equities involved. *Curtiss-Wright*, 446 U.S. at 8. Where counterclaims remain pending, their "significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought." *Id.* at 9.

### III. DISCUSSION

**A.  Rule 54(b) Certification**

To grant a Rule 54(b) motion, the Court must first determine if Rule 54(b) is applicable to the proceedings. First, there must be an action involving multiple claims for relief. *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976). That requirement is satisfied here by Plaintiffs' two distinct claims, the Loan Unconscionability Claim and the Conditioning Claim, as well as CashCall's counterclaims. Second, there must be a "final judgment"—in other words, a decision upon a cognizable claim for relief that it is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (citation omitted). The October 21 Order granting CashCall summary judgment on Plaintiffs' Loan Unconscionability Claim is sufficient to fulfill this requirement.

Next, the Court must expressly determine that there is no just reason for the delay and direct the entry of judgment. *See id.*; *see also* Fed. R. Civ. P. 54(b). Plaintiffs urge the Court to direct entry of a final judgment on the Loan Unconscionability Claim, arguing it is "at the heart of this case" that has been pending for more than six years. Mot. at 9. CashCall charges Plaintiffs with jumping the gun, noting that the trial of the remaining claims is set for approximately six months from now. Opp'n at 1. Both parties argue that fairness and efficiency favor their positions. After considering both parties' positions, the Court finds no just reason for delay in granting the certification order at this time and finds that both the administrative and equitable favors weigh in favor of granting a final judgment under Rule 54(b). As discussed below, CashCall's arguments do not persuade the Court otherwise.

In considering whether there is just reason for delay, the Court considers administrative

concerns and "such factors as the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted). In this sense, the district court acts as a "dispatcher" to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Curtiss-Wright Corp*, 446 U.S. at 8. "This discretion is to be exercised "in the interest of sound judicial administration.'" *Id.* (citation omitted). Here, both parties agree that the Loan Unconscionability Claim and the Conditioning Claim are legally and factually distinct such that these claims can be separately adjudicated. Thus, there is no concern that resolution of the Conditioning Claim will impact the Loan Unconscionability Claim or lead to piecemeal appeals. CashCall's counterclaims and the Class Representatives' proposed unconscionability defense likewise do not pose a roadblock to Rule 54(b) certification.

First, as a practical matter, CashCall apprised the Court at the hearing that the parties are close to a settlement on the counterclaims and thus concerns related to the counterclaims "probably should be off the table." If that is the case, the Court agrees that the current presence of these counterclaims is irrelevant to the Rule 54(b) determination. Second, the Ninth Circuit has recognized that the presence of counterclaims does not necessarily preclude entry of judgment under Rule 54(b). Indeed, a district court may enter judgment under Rule 54(b) even where the remaining claims would require proof of the same facts involved in the dismissed claims. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (citing *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987) and finding that "although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation."); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("[W]e have held that claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'"); *see also Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) ("The Rule 54(b) claims do not have to be separate from and independent of the remaining claims." ); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982). The primary issue for the Court is whether the presence of those counterclaims would make

5

successive appeals on the same issue likely.

Here, the counterclaims are sufficiently separate and distinct from Plaintiffs' Loan Unconscionability Claim. Plaintiffs wish to appeal the October 21 Order, which deals with the specific issue of whether the Court can craft a remedy under the UCL for Plaintiffs' Loan Unconscionability Claim if proven. CashCall does not dispute that the October 21 Order is distinct from the dimensions of unconscionability relating to CashCall's counterclaims and the Class Representatives' defenses. However, CashCall argues that because the Ninth Circuit reviews grants of summary judgment de novo, it could potentially review and rule on more than just the October 21 Order, which could impact the class representatives' unconscionability defense and CashCall's counterclaims. Opp'n at 5.

The Court is not persuaded this argument justifies delay in ordering final judgment on Plaintiffs' Loan Unconscionability Claim. CashCall provides no authority that courts have refused Rule 54(b) certification because of the potential that the Court of Appeals will review more than the appealed issue. Even if this was a valid consideration, CashCall has not shown how the Ninth Circuit would ever need to decide the same issue more than once in this case even if there were subsequent appeals. Finally, CashCall insists that delaying the issuance of final judgment on Plaintiffs' Loan Unconscionability Claim is appropriate given that "[t]here is absolutely no way the Ninth Circuit will resolve a certified appeal before the remaining claims are resolved through settlement or final judgment." Opp'n at 7 (noting that "[t]he median time from the filing of notice of appeal in a civil case until the final order being issued was 19.5 months in 2013."). While CashCall may be accurate about the delay, its argument only mitigates any remaining concerns this Court may have about the already remote possibility of subsequent appeals on the same issues. *See* Fed. R. App. P. 3(b)(2) ("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."). Given the unsupported nature of CashCall's concerns over claims it otherwise agrees are distinct and separable—and given the potential for settlement of its counterclaims—the Court finds that there is no administrative reason for delaying the Rule 54(b) certification. Instead, Rule 54(b) certification now is more likely to aid "expeditious decision" of the case overall by resolving all

1  the remaining claims on a tighter schedule. *Sheehan,* 812 F.2d at 468.

2  The second step in the Court's review "requires an assessment of the equities." *AmerisourceBergen*, 465 F.3d at 954. CashCall argues that the Court should not grant final judgment on the Loan Unconscionability Claim because CashCall intends to appeal the order certifying the Loan Unconscionability Class. It contends that "CashCall could not cross-appeal the certification order in connection with a certified Rule 54(b) appeal of the unconscionability summary judgment, because the class certification order involves other claims, including the conditioning claim." Opp'n at 3-4. At the hearing, CashCall's counsel elaborated on CashCall's concerns that the Ninth Circuit would refuse to hear its challenge to the certification of the Loan Unconscionability Class because the order certifying that class contains a ruling on the Conditioning Class as well. Because the Conditioning Claim has not yet come to a final judgment, CashCall argues it would not be able to appeal any part of that class certification order. CashCall asserts that it will be prejudiced if it is not permitted to raise its arguments against class certification in connection with Plaintiffs' unconscionability summary judgment appeal.

CashCall's concerns are misplaced. First, the case it relies on, *Plata v. Davis*, is inapposite. In *Plata*, there was no mention of Rule 54(b); instead the issue was that the defendants attempt to appeal a class certification order on which they had neither sought nor been granted permission for an interlocutory appeal. 329 F.3d 1101, 1106 (9th Cir. 2003). Although the defendants knew the class certification order itself was not a final order, they argued that the order was appealable because it had the practical effect of granting or denying injunctive relief under 28 U.S.C. § 1292(a)(1). *Id.* The Ninth Circuit disagreed, finding that only the final order granting injunctive relief could properly be appealed. *Id.* Thus *Plata* stands for the proposition that defendants may not appeal a class certification order unless there is a final judgment or permission to file an interlocutory appeal. It does not stand for the proposition a party cannot appeal class certification after Rule 54(b) final judgment has been entered on that claim. CashCall cites no other authority to support its position.

Second, the Ninth Circuit has recognized that "[a]n appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment." *Lovell v.*

*Chandler*, 303 F.3d 1039, 1049 (9th Cir. 2002) (quoting *Litchfield v. Spielberg,* 736 F.2d 1352, 1355 (9th Cir. 1984)). "This is so because the earlier non-final orders merge with the judgment." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012) (citation omitted); *see also* 1 Fed. Appellate Prac. Guide Ninth Cir. 2d § 3:11 (2013) (observing that, in contrast to the limited appellate jurisdiction in a 1292(b) appeal, "when reviewing a judgment certified under Rule 54(b), the Court of Appeals may review the certified order as well as all earlier proceedings in the case leading up to it."). Here, a Rule 54(b) final judgment makes appealable both the October 21 Order as well as the class certification order on the Loan Unconscionability Claim.

As discussed above, none of CashCall's concerns persuade the Court that delay is justified, nor can the Court find any other just reason for delay in granting Rule 54(b) certification. In light of the foregoing, the Court finds that it would be in the interests of judicial economy for the Court to enter a Rule 54(b) judgment. Accordingly, Plaintiffs' motion for entry of final judgment in favor of CashCall on the Loan Unconscionability Claim is GRANTED.

**B.     Costs Pursuant to Rule 54(d)(1)**

If a Rule 54(b) final judgment is entered, CashCall argues that it is entitled to recover its costs of suit as the prevailing party. Opp'n at 8 (citing Fed. R. Civ. P. 54(d)(1)). Rule 54(d)(1) requires that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party." Plaintiffs argue that "an award of costs" at this point would be premature. Reply, Dkt. No. 242 at 9. However, this is a separate issue; CashCall has not argued for an immediate award of costs, rather it asserts that any order of judgment "must provide that CashCall is entitled to recover its costs of suit as the prevailing party." *Id.*

Nevertheless, the Court agrees that CashCall's argument is premature as it has neither submitted costs for the Court's review, nor has the judgment yet been entered. *See* Civ. L.R. 54. While in the Ninth Circuit "there is a presumption that the prevailing party will be awarded its taxable costs," *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (citations omitted),[1]

---

[1] After *Dawson* was decided, Rule 54(d)(1) was amended to say that costs "should be allowed" as opposed to "shall be allowed as of course." Despite this change, district courts still apply the

this presumption "does not relieve [the prevailing] party from its obligation to itemize its costs with sufficient detail to establish that each expense is taxable under [28 U.S.C. § 1920]." *Ancora Techs., Inc. v. Apple, Inc.*, 2013 WL 4532927, at *2 (N.D. Cal. Aug. 26, 2013) (citing *Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576 at *3 (N.D .Cal. Oct. 23, 2012); *Oracle Am., Inc. v. Google, Inc.*, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012); *accord In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011) (applying Ninth Circuit law to deny costs to a prevailing party that "did not meet its burden" to itemize costs with specificity). "Nothing about . . . Rule 54(d)'s presumption excuses a prevailing party from itemizing its costs with enough detail to establish that each expense is taxable under section 1920." *Plantronics*, 2012 WL 6761576, at *3. "Once a prevailing party establishes that the expense is taxable under section 1920, then the presumption applies." *Id.* at *3.

CashCall provided no authority that the Court must include in the entry of judgment what is already included in the Federal Rules of Civil Procedure. The Court will consider the parties' arguments about CashCall's costs and the merits of Plaintiffs' objections to those costs at the appropriate time after judgment has been entered. *See* Civ. L.R. 54.

## IV. CONCLUSION

For the reasons stated above, the Court finds that there is no just reason for delay in entering judgment in accordance with its October 21 Order on count four of Plaintiffs' complaint concerning the Loan Unconscionability Claim. Dkt. No. 239. Accordingly, Plaintiffs' motion for entry of final judgment pursuant to Rule 54(b) is **GRANTED**. The entry of judgment will be issued in a separate order.

**IT IS SO ORDERED.**

Dated: December 22, 2014

MARIA-ELENA JAMES
United States Magistrate Judge

---

Ninth Circuit's presumption in favor of costs. *See PJY Enters., LLC v. Kaneshiro*, 2014 WL 3778554, at *4 n.5 (D. Haw. July 31, 2014) (collecting cases).