UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI KEMPLY, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>CASHCALL, INC.,<br><br>   Defendant. | Case No. 08-cv-03174-MEJ<br><br>**FIRST ORDER RE: NOTICE AND DISTRIBUTION PLAN**<br><br>Dkt. No. 313 |

## BACKGROUND

Following the issuance of the Findings of Fact and Conclusions of Law in this certified class action, the Court ordered the parties to meet and confer on a plan of notice and distribution of a statutory award of $500,000 to the Conditioning Class Members. *See* Findings of Fact and Conclusions of Law, Dkt. No. 312. The parties timely filed a joint statement regarding their proposed notice and distribution plan. Jt. Stmt., Dkt. No. 313; *id.*, Ex. A (Notice and Distribution Plan, "Plan"), Dkt. No. 313-1.[1]

This Order considers (1) the Court's initial review of the proposed Notice Form and (2) the issues that must be resolved before the Court can enter judgment, including further assessment of the parties' proposed division of the statutory award.

//

---

[1] Defendant CashCall, Inc. also indicated its intent to appeal the Court's Findings of Fact and Conclusions of Law and seek a stay of any judgment entered. Jt. Stmt. at 1; Plan at 1 n.1. Plaintiffs state they "are willing to stipulate to a stay of judgment provided that CashCall provides a bond or other security in an amount set by the Court." *Id.* Additionally, the parties note they "intend to meet and confer regarding a form of judgment and a proposed stipulated briefing schedule regarding Plaintiffs' motion for attorneys' fees and costs." *Id.*

**NOTICE & DISTRIBUTION PLAN**

Having reviewed the parties' Notice and Distribution Plan, the Court notes several deficiencies, which include, but are not limited to:

(1) The parties do not name their proposed "class administrator" or seek approval of this entity. Presumably, based on their proposed Notice Form, the parties intend to name "KCC"[2] as the class administrator, but this is unclear.

(2) In paragraph 3 of the Plan, the parties state that "[t]he administrator will report *to the parties* the amount of uncashed checks within seventy-five days of the date of mailing checks" and "*[t]he parties will* meet and confer to *determine* whether it is appropriate to have a second distribution or, alternatively, to pay the amount of the uncashed checks to the Court-approved *cy pres* recipient." Plan ¶ 3 (emphasis added). The parties do not suggest that they will provide the Court with any notice about the number of uncashed checks or seek the Court's approval about how to proceed in such an event beyond potentially seeking the Court's sign-off on a *cy pres* recipient. There is also no proposed timeline or deadlines about when the parties must make their determinations or seek approval from the Court.

(3) The form notice itself does not describe what this case is about, how the class is defined, why Class Members are receiving an award, where to find more information about the case, or who Class Members should contact if they have questions, among other things. Nor does it appear the parties have maintained the website established for this case following class certification. The problems noted in this section risk confusing Class Members and burdening the Court with requests for communication and information about the case.

Given these issues, the Court will not sign off on the parties' Notice and Distribution Plan at this time.

**ISSUES TO BE RESOLVED BEFORE JUDGMENT**

Although the Court anticipated finalizing the Notice and Distribution Plan before entering

---

[2] Kurtzman Carson Consultants served as the class administrator in providing notice of class certification to the class. *See* Class Cert. Notice Plan at 2, Dkt. No. 128; Decl. of Jeffrey Gyomber, Dkt. No. 308-1.

judgment, further delay that will result from getting the Notice and Distribution Plan from where it is now to a finalized state is not acceptable. At this point the Court perceives only one final issue that needs to be resolved prior to the entry of a final judgment: specifically, how to divide the $500,000 statutory award among the class. A complete judgment should reflect how the Court finds the award should be allocated among the class. The Court will address any other pending issues—e.g., a notice plan, attorneys' fees, etc.— after judgment is entered.

Turning to the issue of how to distribute the statutory award, the parties propose to divide the $500,000 by the total number of loans that qualified for inclusion in the Conditioning Class minus the number of timely excluded loans. Plan ¶ 3. In other words, Conditioning Class Members who had multiple loans qualifying for inclusion in the Conditioning Class will receive a per capita payment for each such loan (e.g., a Class Member with two participating loans will receive a check for twice the amount of a Class Member with only one loan). *Id.*

But the parties do not explain (1) why they settled on this division of the award or (2) how they intend to address rounding issues in dividing the award amount by the number of loans. While the parties' proposed "per-loan" distribution does not appear to flout the Electronic Funds Transfer Act's civil liability provisions, 15 U.S.C. § 1963m, the parties provide no support as to why this method of distribution is appropriate under the law and/or the facts of this case. Additionally, the parties seem to ignore the fact that the $500,000 award is not evenly divided by the 96,588 class loans, and depending on how the divided amount is rounded, the total payment falls either a few hundred dollars below or above the $500,000 statutory amount. There is no indication they considered this issue.

## ORDER

In light of the foregoing, the Court **ORDERS** as follows:

**By May 26, 2016**, the parties must meet and confer and file a joint statement of no more than 10 pages, double-spaced, addressing the following:

(1) why the parties propose to use the "per-loan" division of the statutory award, providing support as to why this method of distribution is appropriate under the law and/or the facts of this case; and

3

(2) how the parties propose to address the rounding issue in the distribution of the statutory award, and why their proposal is supported under the law and/or the facts of this case.[3] Additionally, the parties should submit either joint or competing proposed judgment(s) by the same date. No chambers copies are required.

As a final note, while CashCall may not have any particular interest at this point in the method of dividing or distributing the award, the Court has ordered CashCall's participation in determining the matters above and will consider waived any future objections to issues arising from the method of dividing or distributing the award if CashCall does not address them in the joint statement.

The Court will hold a status conference on the foregoing matters **on June 2, 2016** at 10:00 a.m. in Courtroom B, located on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: May 12, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[3] In doing so, the parties should also keep in mind how their proposals for the first distribution may impact any future secondary distribution in the event there are uncashed checks or other unclaimed funds.

4