1  James C. Sturdevant (State Bar No. 94551)
   THE STURDEVANT LAW FIRM
2  A Professional Corporation
   4040 Civic Center Drive, Suite 200
3  San Rafael, CA  94903
   Telephone: (415) 477-2410
4  Facsimile: (415) 492-2810
   *Email: jsturdevant@sturdevantlaw.com*
5
6  *Additional Attorneys for Plaintiffs listed on Signature Page*

7  *Attorneys for Plaintiffs*

8  Brad W. Seiling (State Bar No. 143515)
   Email: bseiling@manatt.com
9  Donald R. Brown (State Bar No. 156548)
   Email: dbrown@manatt.com
10 MANATT, PHELPS & PHILLIPS LLP
   11355 West Olympic Blvd.
11 Los Angeles, CA 90064
   Telephone:  (310) 312-4000
12
13 *Attorneys for Defendant CashCall, Inc.*

14              **UNITED STATES DISTRICT COURT**

15           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| EDUARDO DE LA TORRE, et al., | Case No. C 08-03174 TSH |
| Plaintiffs, | **JOINT MEMORANDUM IN SUPPORT OF CONTINUED FEDERAL JURISDICTION** |
| v. | |
| CASHCALL, INC, | Date:  March 7, 2019 |
| Defendant. | Time: 10:00 a.m. |
| | Courtroom:  A – 15th Floor |
| | Judge:  Hon. Thomas S. Hixon |

**I.   INTRODUCTION.**

At the recent Case Management Conference, a question arose regarding the exercise of subject matter jurisdiction over the sole remaining claim in the case—the "Unconscionability Claim"—which is asserted under the California Unfair Competition Law (Business & Professions Code § 17200 *et seq.*) and alleges that CashCall's loans are unlawful under California Financial Code section 22302 and Civil Code section 1607.5. The Court gave the parties the option of filing a joint motion requesting that the Court retain jurisdiction over the Unconscionability Claim. (*See* ECF 399.)

For the reasons explained below, the parties jointly request that the Court exercise its discretion to retain jurisdiction over the claim. The relevant factors to consider in exercising discretion to retain supplemental jurisdiction under these circumstances are judicial economy, convenience, fairness, and whether the claim involves novel issues of state law. All four of those factors favor retaining jurisdiction here.

This is now a 10-year old case with a long history in the federal courts. The original complaint and all subsequent amended complaints asserted numerous federal claims that were related to Unconscionability Claim, as they all arose out of CashCall's loans, and it was only recently that the last of those federal claims was determined at trial and then resolved through settlement.[1] During that 10-year period of extensive litigation in this Court and the Ninth Circuit, federal courts have made numerous significant procedural and substantive rulings related to the Unconscionability Claim, including certifying it as a class claim. Thus, judicial economy and convenience clearly favor the retention of jurisdiction.

As to fairness, dismissing the Unconscionability Claim now would create confusion and uncertainty and would only prolong this already extremely protracted case and its ultimate resolution—a result the parties submit would be manifestly unfair to them and the court system.

---

[1] The Court previously certified the Unconscionability Claim and two federal claims, one of which, the so-called "Conditioning Claim" (which arose under the federal Electronic Funds Transfer Act (or EFTA), 15 U.S.C. § 1693 et seq.) was settled in 2017 on a class-wide basis following extensive proceedings in this Court, including a trial. Plaintiffs stipulated to dismissal of the other certified federal claim in March 2012. (*See* ECF 109.)

1   As to the last factor, the novel issue of state law identified by the Ninth Circuit as to the applicability of the unconscionability doctrine to the loans at issue in this case was resolved by the California Supreme Court on certification from the Ninth Circuit. Accordingly, the Court should exercise its discretion to retain jurisdiction over the Unconscionability Claim.

## II. SUMMARY OF RELEVANT PROCEDURAL BACKGROUND.

Much has happened in the 10-plus years since this case was originally filed in federal court on July 1, 2008. (ECF 1.) Beginning with its ruling on CashCall's motion to dismiss the first amended complaint (ECF 34), this Court made numerous substantive and procedural rulings related to the Unconscionability Claim. As of January 4, 2019, the docket in the case includes 402 total entries, many of which relate to the Unconscionability Claim.

But a mere review of the docket does not disclose many of the issues the Court encountered related to the Unconscionability Claim. The parties will not recite that history in full or discuss the nuances of the case's procedural history in federal court or characterize the Court's many rulings. This brief procedural overview highlights the significant events that point most strongly toward the Court retaining jurisdiction over the Unconscionability Claim.

*Discovery*

The Parties engaged in extensive fact and expert discovery related to class certification issues and the merits of the Unconscionability Claim, including extensive document productions, written discovery, and depositions of at least a dozen fact witnesses. Experts for both sides (seven total) have submitted expert reports and been deposed. During the course of discovery, the Court considered and ruled on various discovery-related matters. (*See* ECF 153, 203.)

*Class Certification*

There was extensive litigation surrounding Plaintiffs' class certification motion related to the Unconscionability Claim (as well as the other claims in the operative complaint). (*See* ECF 60-89.) In its November 14, 2011 order, the Court granted Plaintiffs' motion to certify the Unconscionability Claim and two federal claims. (ECF 100.)[2] After the Court's initial ruling on

---

[2] This order is published as *O'Donovan v. CashCall, Inc.*, 278 F.R.D. 479 (N.D. Cal. 2011).

-2-

Plaintiffs' class certification motion, the parties continued to litigate over the class definition and notice plan. (*See* ECF 110-118.) The Court ultimately certified the following class on the Unconscionability Claim: "All individuals who, while residing in California, borrowed from $2,500 to $2,600 at an interest rate of 90% or higher from CashCall, Inc., for personal, family, or household use at any time from June 30, 2004 to July 10, 2011." (ECF 130.) Notice was sent to the Unconscionability Claim class, and the Court subsequently approved sending a supplemental notice. (ECF 144.)

*Summary Judgment and Appeal*

The parties extensively briefed CashCall's motion for summary judgment on the Unconscionability Claim, as well as cross-motions for summary judgment on the Conditioning Claim. (ECF 159-199, 204-215.) The Court initially denied CashCall's motion as to the Unconscionability Claim, finding triable issues of fact. (ECF 220.)[3] CashCall then filed a motion for leave to file a motion for reconsideration, which the Court granted. (ECF 222.) Ruling on the merits of CashCall's reconsideration motion, the Court granted summary judgment in CashCall's favor on the Unconscionability Claim. (ECF 239.)[4]

The Court then granted Plaintiffs' motion for entry of judgment on the Unconscionability Claim (ECF 246), and Plaintiffs appealed the judgment to the Ninth Circuit. CashCall cross-appealed, asking the Ninth Circuit to reverse the District Court's order on class certification if Plaintiffs succeeded in their appeal on the merits. Thereafter, the case proceeded on two tracks, with litigation on the Conditioning Claim proceeding in this Court (through trial and settlement) and appellate proceedings in the Ninth Circuit and California Supreme Court related to the Unconscionability Claim.

After briefing and oral argument, the Ninth Circuit certified a question of California state law to the California Supreme Court, which issued its opinion in August 2018. *De La Torre v. CashCall., Inc.*, 5 Cal. 5th 966 (2018). Following the opinion of the California Supreme Court,

---

[3] This order is published as *De la Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1073 (N.D. Cal. 2014).
[4] This order is published as *De la Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1105 (N.D. Cal. 2014).

1   the Ninth Circuit vacated the judgment of the District Court and "remanded to that court for
2   further proceedings consistent with that opinion." 904 F.3d 866 (9th Cir. 2018).

### III.  THE COURT SHOULD EXERCISE ITS DISCRETION AND RETAIN JURISDICTION OVER THE UNCONSCIONABILITY CLAIM

District courts have discretion to accept or decline to exercise supplemental jurisdiction over a pendent state law claim even after all federal claims have been dismissed before trial. *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c) . . . .").)  The Court's discretion is broad. *See Long v. City and Cty. of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007). The primary factors for determining whether to exercise supplemental jurisdiction include judicial economy, convenience, and fairness. *Munger v. City of City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000); *Ratcliff v. City of Red Lodge Police Dep't*, 694 Fed. Appx. 616 (2017).

The Ninth Circuit routinely has found that District Courts can exercise supplemental jurisdiction over state law claims after the dismissal of federal claims before trial. *See, e.g., Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (holding that a District Court did not abuse its discretion by retaining supplemental jurisdiction over remaining state law claims after the withdrawal of all federal law claims because "[j]udicial economy and convenience to the parties were better accommodated by retaining the state law claim at that juncture . . . ."); *Long,* 511 F.3d at 907 (holding that a District Court did not abuse its discretion by retaining jurisdiction over pendent state claims after the original federal claims had been dismissed, citing the broad discretion given to federal District Courts under 28 U.S.C. § 1367(c)).

Indeed, the Ninth Circuit has approved the propriety of retaining jurisdiction in cases where, as here, the Court and the parties have made a lengthy and significant investment in the litigation. For example, in *Munger*, the Ninth Circuit affirmed the District Court's discretionary retention of jurisdiction over the state law claims after all federal claims had been dismissed:

-4-

1   "That state law claims should be dismissed if federal claims are dismissed before trial . . . has
2   never meant that they must be dismissed. . . . [Rather] the district court's discretion should be
3   informed by the *Gibbs* values of economy, fairness, and comity..." *Munger*, 227 F.3d at 1088,
4   n.4 (internal quotations and citations omitted). And, citing *Munger*, the Ninth Circuit held in
5   *Ratcliff* that "the district court, noting that the case had been pending in federal court for over
6   four years and invoking considerations of judicial economy, did not abuse its discretion in
7   exercising supplemental jurisdiction over Ratcliff's state law claims." *Ratcliff*, 694 F. App'x at
8   618.

Notably, the Ninth Circuit in *Acri* discusses a court's discretion to accept or decline supplemental jurisdiction after federal claims have been "dismissed before trial"—not, as here, when a federal claim has been decided on the merits at trial. *See Acri,* 114 F.3d at 1000. The Eleventh Circuit discussed this distinction in *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 744-45 (11th Cir. 2006). In *Parker,* after the federal law claims in the case had been tried and decided in the plaintiff's favor, the district court ordered the dismissal of the state law claims under 28 U.S.C. § 1367(c)(3) even though the statute provides that the district court may decline to exercise supplemental jurisdiction if the district court has "dismissed" all claims over which it has original jurisdiction. The Eleventh Circuit reversed, noting that § 1367(c)(3) does not address a case where the federal claims have been tried and resolved in the plaintiff's favor. *Id.* The Eleventh Circuit drew a distinction between such cases and cases in which "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain . . . ." *Id.* at 745 (internal quotation marks deleted). The *Parker* court determined that, under such circumstances, the district court had abused its discretion in dismissing the case under § 1367(c)(3). *Id.* Similarly, here, declining supplemental jurisdiction over the state law claim under § 1367(c)(3) is improper given that the federal EFTA conditioning claim did not drop out of the lawsuit in its early stages but was instead determined on the merits at trial.

Moreover, numerous District Courts have followed the Ninth Circuit's lead and exercised supplemental jurisdiction over state law claims in longstanding cases after dismissing all federal

claims. Relevant factors impacting these courts' decisions have included the length of time the case has been pending, the status of discovery, and the fact that the federal court had made dispositive rulings on the claims in the case. *See, e.g., Thomas v. Dillard*, 212 F. Supp. 3d 938, 942 (S.D. Cal. 2016) ("Here, the factors of judicial economy, convenience and fairness all point strongly toward retaining jurisdiction. This case was filed almost five years ago. The parties completed discovery, and this Court made comprehensive findings of fact on cross-motions for summary judgment . . . . to require Plaintiff now to refile the state law claims based upon the same facts *is uneconomical, inconvenient, and unfair*.") (emphasis added); *Hoy v. Yamhill Cty.*, 107 F. Supp. 3d 1078, 1094 (D. Ore. 2015) ("Each factor favors maintaining jurisdiction over Hoy's state law claims in this case. Requiring Hoy re-file his state law claims would cause unnecessary delay—this case is almost two years old—and lead to an inefficient replication of pleadings and discovery in state court."), superseded on unrelated statutory grounds, as stated in *James v. Ore. Sandblasting & Coating, Inc.*, 2016 WL 5402218, at *2 n.1 (D. Ore. Sept. 25, 2016); *Gofron v. Picsel Techs., Inc.*, 804 F. Supp. 2d 1030, 1045 (N.D. Cal. 2011) (denying motion to dismiss pendant state law claims after dismissal of the sole federal claim as the case had reached the deadlines for discovery and case-dispositive motions and "convenience and judicial economy favor the resolution of these claims in this Court.").[5]

       The protracted procedural background discussed above and this Court's intensive prior involvement in this case strongly support retaining jurisdiction. The parties' research has not disclosed any case in which the litigation related to a state law claim had been so lengthy, extensive, and protracted—or any case in which the federal law claims at issue had not been dismissed but had been determined at trial. As summarized above, in this case both the District Court and the Ninth Circuit made numerous significant substantive and procedural rulings related to the Unconscionability Claim during the 10-plus years that case has been pending in

---

[5] In all of these cases, the federal claims were dismissed before the state law claims. The opposite its true here. The Court granted summary judgment (on reconsideration) on the Unconscionability Claim before it finally adjudicated the federal Conditioning Claim. Moreover, unlike in these cases, the federal claims here were not all dismissed—the federal EFTA Conditioning Claim was decided on the merits at trial, as noted above.

-6-

federal court.

It is particularly significant that the Court previously granted class certification for the Unconscionability Claim. The parties' research did not uncover a single case in which a court declined to exercise supplemental jurisdiction over a pendent state law claim after certifying a class for that claim and sending notice to the class. Courts in this district have relied on the extensive litigation surrounding a putative class action lawsuit as the basis for finding that judicial economy, convenience, and fairness counsel in favor of exercising pendent jurisdiction over a state law claim after federal claims were dismissed. *Frlekin v. Apple Inc.*, 2015 WL 435464, at *3 (N.D. Cal. Feb. 2, 2015) is instructive. In that case, the District Court highlighted the "hard work" the parties had engaged in during the course of a mere eighteen months of litigation (far less than the more than 120 months of litigation surrounding the Unconscionability Claim). Among other things, the plaintiffs had conditionally moved to certify a collective action, the defendant had filed a dispositive motion, the parties had engaged in extensive written and document discovery, and the court had considered three discovery disputes. 2015 WL 435464, at *3. Unlike here, the plaintiffs had not yet moved for certification, but their motion was coming due. *Id.* Based on those facts, the court concluded that "[j]udicial economy, convenience, and fairness, however, counsel in favor of continuing to exercise supplemental jurisdiction in the case . . . . To dismiss this action so that plaintiffs must 're-file in state court' would only inject needless delay, burden, and expense." *Id. See also Backus v. ConAgra Foods Inc.,* 2017 WL 1383654, at *2 (N.D. Cal. Apr. 18, 2017) ("Here, judicial economy, convenience, and fairness strongly favor retaining jurisdiction. This action was filed sixteen months ago and the amended complaint eleven months ago. In the meantime, two motions to dismiss have been heard, class certification considered (and denied), expert reports commissioned, and written discovery asked and answered.").

At this point, the case does not appear to involve a novel issue of state law. The Ninth Circuit certified a question of state law to the California Supreme Court, which issued a lengthy opinion holding that the unconscionability doctrine applies to the loans in question in this case.

All that remains is for the Court to apply the California Supreme Court's decision and other existing California law to the facts of this case and the Unconscionability Claim. This factor points in favor of the Court retaining jurisdiction.

If the Court were to dismiss the case and Plaintiffs were to refile it in state court, it would impose extreme hardships on the parties and the state court. The state court would have to decide what issues needed to be re-litigated in state court and any number of other procedural issues that the case would present. By contrast, this Court is familiar with the issues and the history of the litigation in this Court, and the Ninth Circuit remanded the case to this Court "for further proceedings consistent with [the California Supreme Court's] opinion." *De la Torre*, 904 F.3d at 866. In sum, retaining jurisdiction over the Unconscionability Claim on this record would be well within the Court's jurisdiction. Indeed, it may be an abuse of discretion to dismiss where factors of judicial economy, convenience, and fairness to the parties strongly point toward retaining jurisdiction and no novel or complicated issue of state law is involved. *See, e.g., Batiste v. Island Records, Inc.,* 179 F.3d 217, 226-28 (5th Cir. 1999) (absent any novel or complex issue of state law, if case has been pending in federal court for extended time and the court is intimately familiar with the claims, "judicial economy, convenience and fairness to parties" make it an abuse of discretion to decline supplemental jurisdiction); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (finding that the advanced stage of the litigation and the Court's long familiarity with the issues in the case, combined with the likely hardship to both parties should plaintiff be forced to re-file in state court, weighed in favor of exercising supplemental jurisdiction).

## IV. **CONCLUSION**

The parties have not agreed on much over the course of this litigation. But they do agree that considerations of judicial economy, convenience, and fairness all point strongly in favor of the Court retaining supplemental jurisdiction over the Unconscionability Claim.

///

///

The Court should exercise its broad discretion and retain jurisdiction over the Unconscionability Claim.

Respectfully submitted,

Dated: January 30, 2019  /s/ Donald R. Brown
        Brad W. Seiling

Brad W. Seiling
Donald R. Brown
MANATT, PHELPS & PHILLIPS LLP
11355 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 312-4000

Attorneys for Defendant CashCall, Inc.

DATED: January 30, 2019  /s/ Steven M. Tindall

Steven M. Tindall
Andre M. Mura
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700

Jessica Riggin
RUKIN HYLAND RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612
Telephone: (415) 421-1800

James C. Sturdevant
THE STURDEVANT LAW FIRM
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Telephone: (415) 477-2410

Arthur D. Levy
LAW OFFICE OF ARTHUR D. LEVY
1814 Franklin Street
Suite 1040
Oakland, CA 94612
Telephone: (415) 702-4551

Damon Connolly
Damon Connolly Law Offices
1000 4th St #600
San Rafael, CA 94901
Telephone: (415) 256-1200

Attorneys for Plaintiffs
EDUARDO DE LA TORRE et al.

## **LOCAL RULE 5-1 ATTESTATION**

I, Steven Tindall, am the ECF user whose ID and password are being used to file this Joint Status Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Donald Brown has concurred in the filing of this document with his electronic signature.

DATED: January 30, 2019            _____/s/ Steven M. Tindall_____
                                                                  Steven M. Tindall